UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------X
STEVEN GOODMAN, Individually and on              :
Behalf of All Other Persons Similarly Situated,  :     CIVIL ACTION:
                                                 :
                    Plaintiff,                   :
                                                 :     **COMPLAINT AND**
       -against-                                 :     **JURY DEMAND**
                                                 :
BURLINGTON COAT FACTORY                          :
WAREHOUSE CORPORATION,                           :
BURLINGTON COAT FACTORY                          :
INVESTMENT HOLDINGS, INC.,                       :
and BURLINGTON COAT FACTORY                      :
HOLDINGS, INC.,                                  :
                    Defendants.                  :
-------------------------------------------------------------X

## INTRODUCTION

1.      This action is brought on behalf of all "assistant store managers" and individuals holding comparable positions with different titles employed by Burlington Coat Factory Warehouse Corporation, Burlington Coat Factory Investment Holdings, Inc., and Burlington Coat Factory Holdings, Inc. ("Defendants" or "Burlington") within the United States. Burlington is nationwide retail department store chain which sells high-quality, branded apparel. Burlington has misclassified Plaintiff and other similarly situated employees as exempt under federal overtime laws and failed to pay them for all hours worked by them as well as overtime pay for hours above 40 in a workweek.

## NATURE OF THE ACTION

2.      Plaintiff alleges on behalf of himself and other current and former assistant store managers and similarly situated current and former employees holding comparable positions with different titles, employed by Defendants in the United States, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b)

1

(the "Collective Action Class"), that they are: (i) entitled to unpaid wages from Defendants for all hours worked by them as well as for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

## JURISDICTION AND VENUE

3. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331.

4. Upon information and belief, at least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

5. Plaintiff's claims involve matters of national or interstate interest.

6. Defendants are subject to personal jurisdiction in New Jersey.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District and because Defendants reside in this District.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

9. Plaintiff, Steven Goodman, was, at all relevant times, an adult individual, residing in Boca Raton, Palm Beach County, Florida.

10. Plaintiff Goodman was employed by Defendants from in or about August 2005 until August 2010, as an assistant store manager at Defendants' stores located in Hallandale and Coral Springs, Florida.

11. Plaintiff worked in excess of forty (40) hours per workweek, without receiving wages from Defendants for all hours worked, as well as overtime compensation as required by federal laws.

12. Upon information and belief, Defendant Burlington Coat Factory Warehouse Corporation, a wholly owned subsidiary of Defendant Burlington Coat Factory Investment Holdings, Inc., is a Delaware corporation with its principal place of business at 1830 Route 130, North Burlington, New Jersey 08016. Defendant Burlington Coat Factory Warehouse Corporation operates approximately 460 stores that comprise the Burlington Coat Factory retail department store chain.

13. Upon information and belief, Defendant Burlington Coat Factory Investment Holdings, Inc., a wholly owned subsidiary of Defendant Burlington Coat Factory Holdings, Inc., is a Delaware corporation with its principal place of business at 1830 Route 130, North Burlington, New Jersey 08016.

14. Upon information and belief, Defendant Burlington Coat Factory Holdings, Inc. is a Delaware corporation with its principal place of business at 1830 Route 130, North Burlington, New Jersey 08016.

15. Defendants were and are doing business in New Jersey, including at their corporate headquarters located at 1830 Route 130, North Burlington, NJ 08016 and at their retail locations throughout the state of New Jersey.

**COLLECTIVE ACTION ALLEGATIONS**

16. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants in the United States at any time since July 28, 2008 to the entry of judgment in

this case (the "Collective Action Period") as assistant store managers and other comparable positions with different titles, who were non-exempt employees within the meaning of the FLSA, who did not receive compensation for all hours worked by them and did not receive any overtime (the "Collective Action Members").

17. This Collective Action Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants. Upon information and belief, there are at least 250 members of the Collective Action class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

18. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

19. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

20. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. whether the Defendants employed the Collective Action Members within the meaning of the FLSA;

   b. whether the Defendants misclassified the Collective Action Members as exempt under the FLSA;

   c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. whether Defendants failed to pay the Collective Action Members for all of the hours worked by them as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

   e. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and

   f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

21. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

**STATEMENT OF FACTS**

22. Defendants operate retail department stores which sell high-quality, branded apparel throughout the United States and Puerto Rico, including within the State of New Jersey.

23. All of the work that Plaintiff and the Collective Action Members have performed has been assigned by Defendants, and/or Defendants are aware of all the work that they have performed.

24. Plaintiff's principal duties included but were not limited to, building displays, stocking shelves, assisting customers, scanning prices, filling orders, unpacking merchandise, stacking merchandise, cleaning the store and unloading trucks.

25. Plaintiff's duties did not include the hiring and firing of employees and they had none or little input into hiring or firing decisions.

26. Plaintiff's work was performed for the benefit of the Defendants, in the normal course of the Defendants' business and was integrated into the business of the Defendants.

27. The work performed by Plaintiff required little skill and no capital investment. His duties did not principally include managerial responsibilities or the exercise of independent judgment. Rather, they involved many non-managerial duties identical to those performed by non-exempt employees entitled to overtime.

28. Plaintiff was required to work in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff for all hours worked by him, as well as overtime compensation of one and one-half times his regular rate of pay in violation of the applicable provisions of the FLSA, including statutory and regulatory authority. Upon information

and belief, it is Defendants' uniform policy and procedure not to pay all similarly situated employees for all hours worked by them, as well as overtime compensation.

29. Upon information belief, throughout the Collective Action Period and continuing until today, Defendants have likewise employed other individuals, like the Plaintiff and the Collective Action Members in positions such as assistant store managers and other comparable positions with different titles, that require little skill and no capital investment and their duties and responsibilities do not principally include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

30. Such individuals have worked in excess of 40 hours a week, yet Defendants have likewise willfully failed to pay them for all hours worked as well as overtime compensation of one and one-half times their regular rate of pay in violation of the FLSA and applicable provisions of statutory and regulatory authority. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of Defendants and can be ascertained through appropriate discovery.

31. Upon information and belief, throughout all relevant time periods, while Defendants employed Plaintiff and the Collective Action Members, Defendants failed to maintain accurate and sufficient time records.

## FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

32. Plaintiff, on behalf of himself and all Collective Action Members, realleges and incorporates by reference paragraphs 1 through 31 as if they were set forth again herein.

33. At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. At all relevant times, Defendants employed Plaintiff, and employed or continue to employ, each of the Collective Action Members within the meaning of the FLSA.

35. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

36. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

37. At all relevant times, Defendants had a policy and practice of refusing to pay for all hours worked, as well as pay overtime compensation to their assistant store managers and similarly situated employees in comparable positions but having different titles, for hours worked in excess of forty hours per workweek.

38. As a result of Defendants' willful failure to compensate their employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, as well as for all hours worked by them, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

39. As a result of Defendants' failure to record, report, credit and/or compensate their employees, including Plaintiff and the Collective Action members, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient

to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

41. Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, is entitled to recover from Defendants, their unpaid wages for all of the hours worked by them, as overtime compensation, an additional, equal amount as liquidated damages for Defendants willful violations of the FLSA and for their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of the claims asserted in this action under Section 216(b) of the FLSA, permitting them to assert timely Section 216(b) FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members and tolling of the statue of limitations;

b. A declaratory judgment that the practices complained of herein in the First Claim for Relief are unlawful under the FLSA;

    c.    An award of unpaid wages for all hours worked as well as overtime compensation due under the FLSA; and

    d.    An award of statutory, liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216.

Wherefore, Plaintiff requests that this Court grant the following relief with regard to all of the Claims asserted herein:

    a.    An award of prejudgment and post-judgment interest;

    b.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    c.    Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: Rye Brook, New York
July 29, 2011

                                      By: /s Seth R. Lesser
Seth R. Lesser
Jeffrey A. Klafter
Fran L. Rudich
Michael J. Palitz
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200
www.klafterolsen.com

Michael A. Galpern
Andrew P. Bell
LOCKS LAW FIRM, LLC
457 Haddonfield Road, Suite 500
Cherry Hill, New Jersey 08002
Telephone: (856) 663-8200
www.lockslaw.com

**ATTORNEYS FOR PLAINTIFF**