DANIEL F. MURPHY, JR.
JAMES E. MCGRATH, III (*pro hac vice pending*)
M. CHRISTOPHER MOON
PUTNEY, TWOMBLY, HALL & HIRSON LLP
521 Fifth Avenue
New York, New York  10175
Telephone:     212-682-0020
Facsimile:     212-682-9380
dmurphy@putneylaw.com
jmcgrath@putneylaw.com
cmoon@putneylaw.com

LYNNE C. HERMLE (*pro hac vice pending*)
JESSICA R. PERRY (*pro hac vice pending*)
SITTHIKIT CHARIYASATIT (*pro hac vice pending*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     650-614-7400
Facsimile:     650-614-7401
lchermle@orrick.com
jperry@orrick.com
schariyasatit@orrick.com


Attorneys for Defendants
BURLINGTON COAT FACTORY WAREHOUSE
CORPORATION, BURLINGTON COAT FACTORY
INVESTMENT HOLDINGS, INC. and BURLINGTON COAT
FACTORY HOLDINGS, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN GOODMAN, individually and on behalf of all other persons similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, BURLINGTON COAT FACTORY INVESTMENT HOLDINGS, INC. and BURLINGTON COAT FACTORY HOLDINGS, INC.,<br><br>        Defendants. | Case No.  11-CV-4395 (JHR)(JS)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND** |

OHS WEST:261343713.2

1    Defendants Burlington Coat Factory Warehouse Corporation, Burlington Coat
2    Factory Investment Holdings, Inc. and Burlington Coat Factory Holdings, Inc. (collectively
3    "Defendants") hereby answer Plaintiff Steven Goodman's First Amended Complaint (the
4    "Complaint") as follows:

5                            **INTRODUCTION**

6        1.      Answering paragraph 1 of the Complaint, Defendants admit that Burlington is a
7    nationwide retail department store chain that sells high-quality, branded apparel.  Except as so
8    admitted, Defendants deny each and every allegation of this paragraph in the Complaint.

9                         **NATURE OF THE ACTION**

10       2.      Answering paragraph 2 of the Complaint, Defendants admit that Plaintiff alleges
11   on behalf of himself and other current and former assistant store managers, including operations
12   and merchandising assistant store managers, employed by Defendants in the United States, who
13   elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §
14   216(b) (the "Collective Action Class"), that they are: (i) entitled to unpaid wages from
15   Defendants for all hours worked by them as well as for overtime work for which they did not
16   receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages
17   pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*.  Except as so admitted, Defendants deny each and
18   every allegation of this paragraph in the Complaint.

19                       **JURISDICTION AND VENUE**

20       3.      Answering paragraph 3 of the Complaint, Defendants admit all allegations therein.
21       4.      Answering paragraph 4 of the Complaint, Defendants admit all allegations therein.
22       5.      Answering paragraph 5 of the Complaint, Defendants deny all allegations therein.
23       6.      Answering paragraph 6 of the Complaint, Defendants admit all allegations therein.
24       7.      Answering paragraph 7 of the Complaint, Defendants admit that venue is proper in
25   this district pursuant to 28 U.S.C. § 1391.  Except as so admitted, Defendants deny each and
26   every allegation of this paragraph in the Complaint.
27       8.      Answering paragraph 8 of the Complaint, Defendants admit all allegations therein.
28   / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THE PARTIES

9.      Answering paragraph 9 of the Complaint, Defendants are without information and belief as to the validity of the statements in this paragraph.  Defendants deny each and every allegation of this paragraph on that basis.

10.      Answering paragraph 10 of the Complaint, Defendants admit that Plaintiff was employed by Burlington Coat Factory of Florida LLC, and that Burlington Coat Factory Warehouse Corporation is the parent company of Burlington Coat Factory of Florida LLC. Defendants further admit that Plaintiff was employed by Burlington Coat Factory of Florida LLC from in or about August 2005 until August 2009, as an assistant store manager at Burlington Coat Factory retail stores located in Hallandale and Coral Springs, Florida.  Except as so admitted, Defendants deny each and every allegation of this paragraph in the Complaint.

**A.**      **Defendants**

11.      Answering paragraph 11 of the Complaint, Defendants deny all allegations therein.

12.      Answering paragraph 12 of the Complaint, Defendants admit all allegations therein.

13.      Answering paragraph 13 of the Complaint, Defendants admit all allegations therein.

14.      Answering paragraph 14 of the Complaint, Defendants admit all allegations therein.

15.      Answering paragraph 15 of the Complaint, Defendants admit all allegations therein.

## COLLECTIVE ACTION ALLEGATIONS

16.      Answering paragraph 16 of the Complaint, Defendants admit that Plaintiff seeks, pursuant to 29 U.S.C. § 216(b), to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants in the United States at any time since July 28, 2008 to the entry of judgment in this case (the "Collective Action Period") as assistant store managers, including Operations and Merchandising Assistant Store Managers, who were non-exempt employees within the meaning of the FLSA and who did not receive any

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT
09-CV-08061-CAS (JCx)

OHS WEST:261343713.2

overtime (the "Collective Action Members"). Except as so admitted, Defendants deny each and every allegation of this paragraph in the Complaint.

17.     Answering paragraph 17 of the Complaint, Defendants deny all allegations therein.

18.     Answering paragraph 18 of the Complaint, Defendants deny all allegations therein.

19.     Answering paragraph 19 of the Complaint, Defendants deny all allegations therein.

20.     Answering paragraph 20 of the Complaint, Defendants deny all allegations therein.

21.     Answering paragraph 21 of the Complaint, Defendants are without information and belief as to the validity of the statements in this paragraph.  Defendants deny each and every allegation of this paragraph on that basis.

## STATEMENT OF FACTS

22.     Answering paragraph 22 of the Complaint, Defendants admit all allegations therein.

23.     Answering paragraph 23 of the Complaint, Defendants deny all allegations therein.

24.     Answering paragraph 24 of the Complaint, Defendants deny all allegations therein.

25.     Answering paragraph 25 of the Complaint, Defendants deny all allegations therein.

26.     Answering paragraph 26 of the Complaint, Defendants deny all allegations therein.

27.     Answering paragraph 27 of the Complaint, Defendants deny all allegations therein.

28.     Answering paragraph 28 of the Complaint, Defendants deny all allegations therein.

29.     Answering paragraph 29 of the Complaint, Defendants deny all allegations therein.

30.     Answering paragraph 30 of the Complaint, Defendants deny all allegations therein.

31.     Answering paragraph 31 of the Complaint, Defendants deny all allegations therein.

## FIRST CLAIM FOR RELIEF:  FAIR LABOR STANDARDS ACT

32.     Answering paragraph 32 of the Complaint, Defendants incorporate herein by reference their responses to paragraphs 1-31 above.

33.     Answering paragraph 33 of the Complaint, the allegations set forth in this paragraph assert no factual contentions or assert only legal conclusions and, therefore, Defendants neither admit nor deny the contentions.

34.     Answering paragraph 34 of the Complaint, the allegations set forth in this

- 3 -

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT
09-CV-08061-CAS (JCx)

1   paragraph assert no factual contentions or assert only legal conclusions and, therefore, Defendants

2   neither admit nor deny the contentions.

3        35.    Answering paragraph 35 of the Complaint, Defendants admit all allegations

4   therein.

5        36.    Answering paragraph 36 of the Complaint, Defendants are without information

6   and belief as to the validity of the statements in this paragraph.  Defendants deny each and every

7   allegation of this paragraph on that basis.

8        37.    Answering paragraph 37 of the Complaint, Defendants deny all allegations therein.

9        38.    Answering paragraph 38 of the Complaint, Defendants deny all allegations therein.

10       39.    Answering paragraph 39 of the Complaint, Defendants deny all allegations therein.

11       40.    Answering paragraph 40 of the Complaint, Defendants deny all allegations therein.

12       41.    Answering paragraph 41 of the Complaint, Defendants deny all allegations therein.

13  **AFFIRMATIVE DEFENSES**

14  Defendants assert the following affirmative defenses to the Complaint:

15  **FIRST DEFENSE**

16  **(Failure to State a Claim)**

17       1.    As a separate defense to the Complaint, Defendants allege that the Complaint fails

18  to state a claim upon which relief may be granted.

19  **SECOND DEFENSE**

20  **(Laches)**

21       2.    As a separate defense to the Complaint, Defendants allege that some or all of the

22  claims asserted in the Complaint are barred by the equitable doctrine of laches and/or

23  acquiescence.

24  **THIRD DEFENSE**

25  **(Waiver)**

26       3.    As a separate defense to the Complaint, Defendants allege that some or all of the

27  claims asserted in the Complaint are barred by the equitable doctrine of waiver.

28  / / /

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT
09-CV-08061-CAS (JCx)

OHS WEST:261343713.2

**FOURTH DEFENSE**

**(Estoppel)**

4.      As a separate defense to the Complaint, Defendants allege that some or all of the claims asserted in the Complaint are barred by the equitable doctrine of estoppel.

**FIFTH DEFENSE**

**(Unclean Hands and/or After-Acquired Evidence)**

5.      As a separate defense to the Complaint, Defendants allege that some or all of the claims asserted in the Complaint may be barred by the equitable doctrine of unclean hands and/or after-acquired evidence, or in the alternative these doctrines cut off or reduce Plaintiff's and/or the purported classes' damages.

**SIXTH DEFENSE**

**(Statute of Limitations)**

6.      As a separate defense to the Complaint, Defendants allege that the Complaint, and each purported claim contained therein, may be barred by the applicable statutes of limitation.

**SEVENTH DEFENSE**

**(Proximate Cause of Damages)**

7.      As a separate defense to the Complaint, Defendants allege that, should it be determined that Plaintiff and/or the purported classes have been damaged, then said damages were proximately caused by their own conduct.

**EIGHT DEFENSE**

**(Requirements for Class or Collective Action)**

8.      As a separate defense to the Complaint, Defendants allege that Plaintiff cannot satisfy the requirements for a class or collective action under federal law.

**NINTH DEFENSE**

**(Lack of Standing)**

9.      As a separate defense to the Complaint, Defendants allege that the Complaint is barred to the extent that Plaintiff lacks standing to raise some or all of the claims of the alleged classes of persons whom Plaintiff purports to represent.

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT
09-CV-08061-CAS (JCx)

OHS WEST:261343713.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### TENTH DEFENSE

#### (Exemption)

10.     As a separate defense to the Complaint, Defendants allege that the Complaint is barred because Plaintiff and some of the alleged classes of persons which Plaintiff purports to represent are properly classified as exempt executive and/or administrative employees from the overtime requirements of federal law.

### ELEVENTH DEFENSE

#### (Compromise, Settlement, Waiver, Accord, Satisfaction, Set-Off, Release)

11.     As a separate defense to the Complaint, Defendants allege that Plaintiff and/or members of the alleged classes of persons which Plaintiff purports to represent are precluded from recovering any amounts from Defendants because Defendants have paid Plaintiff and/or members of the alleged classes of persons which Plaintiff purport to represent, all sums legally due under federal law, as applicable, and/or Plaintiff and/or any member of the alleged classes which Plaintiff purports to represent has executed a compromise and release of any claims asserted in this lawsuit and, accordingly, such claims are barred by the doctrines of compromise, settlement, waiver, accord, satisfaction, set off, and/or release.

### TWELFTH DEFENSE

#### (Failure To Perform Duties)

12.     As a separate defense to the Complaint, Defendants allege that the Complaint, and each purported cause of action contained therein, is barred to the extent that Plaintiff and the alleged classes of persons which Plaintiff purports to represent, failed to perform their respective duties, failed to perform those duties which Defendants realistically expected each to perform, failed to use ordinary care and diligence in the performance of their duties, failed to substantially comply with the reasonable directions of their alleged employer, and/or failed to exercise a reasonable degree of skill in performing their job duties.

/ / /

/ / /

/ / /

OHS WEST:261343713.2

**THIRTEENTH DEFENSE**

**(Good Faith)**

13.     As a separate defense to the Complaint, Defendants affirmatively plead that any act(s) and/or omissions(s) which may be found to be in violation of the rights afforded by federal law were not willful but occurred in good faith with reasonable grounds for believing that it was in full compliance with federal law, as applicable.

**FOURTEENTH DEFENSE**

**(Failure to State a Claim Regarding Damages, Costs and Fees)**

14.     As a separate defense to the Complaint, Defendants allege that the Complaint fails to state a claim for which relief may be granted that provides for compensatory, consequential or liquidated damages, or any other damages, costs or fees allowed by federal law, as applicable.

**FIFTEENTH DEFENSE**

**(Offset)**

15.     As a separate defense to the Complaint and to each claim therein, Defendants allege that if any damages have been sustained by Plaintiff or by any member of the alleged classes of persons which Plaintiff purports to represent, although such is not admitted and is specifically denied, Defendants are entitled by equity to offset all time Defendants voluntarily paid for time not worked by Plaintiff and putative class members against any judgment that may be entered against Defendants.

**SIXTEENTH DEFENSE**

**(Unconstitutional)**

16.     As a separate defense to the Complaint, adjudication of Plaintiff's claims on a class wide basis would violate Defendants' right to due process and a jury trial and is barred by the Rules Enabling Act.

**SEVENTEENTH DEFENSE**

**(Res Judicata and/or Collateral Estoppel)**

17.     As a separate defense to the Complaint, Defendants allege that Plaintiff's and/or the alleged classes' claims are barred by the doctrine of res judicata and/or collateral estoppel.

**EIGHTEENTH DEFENSE**

**(Adequate Remedy)**

18.    As a separate defense to the Complaint, Defendants allege that Plaintiff's and/or the alleged classes' claims for equitable relief are barred because Plaintiff and/or the alleged class members have an adequate remedy at law for their claims.

**NINETEENTH DEFENSE**

**(Wages Subject to Dispute)**

19.    As a separate defense to the Complaint, Plaintiff's and some of the proposed class members' claims are subject to disputes over wages.

**TWENTIETH DEFENSE**

**(Not Unjustly Enriched)**

20.    As a separate defense to the Complaint, Defendants were not unjustly enriched.

**TWENTY-FIRST DEFENSE**

**(Insufficient Facts for Injunctive or Equitable Relief)**

21.    As a separate defense to the Complaint, Defendants allege that the Complaint fails to allege facts sufficient to justify injunctive or other equitable relief.

**TWENTY-SECOND DEFENSE**

**(Non-Compensable Time Under Portal-to-Portal Act)**

22.    As a separate defense to the Complaint, some or all of the disputed time is not compensable pursuant to the Portal-to-Portal Act of 1947.

**TWENTY-THIRD DEFENSE**

**(Timely Demand for Wages Payable)**

23.    As a separate defense to the Complaint, Plaintiff and/or the proposed classes have failed to timely make a demand in writing for wages due and payable.

**TWENTY-FOURTH DEFENSE**

**(No Liquidated Damages)**

24.    As a separate defense to the Complaint, Plaintiff and/or the proposed classes may not recover liquidated damages because (1) Defendants acted at all times in good faith and did not

- 8 -

OHS WEST:261343713.2

commit any willful violation of the Fair Labor Standards Act or any other applicable laws; (2) Defendants did not authorize or ratify any such allegedly willful violation; and (3) Plaintiff has failed to state facts sufficient to support an award of such alleged damages against Defendants.

### TWENTY-FIFTH DEFENSE

### (No Recovery of Amounts Due and Paid)

25.    As a separate defense to the Complaint, Plaintiff and/or the proposed classes are precluded from recovering any amounts from Defendants where Defendants have paid all sums legally due under the Fair Labor Standards Act.

### TWENTY-SIXTH DEFENSE

### (Consent to Pay System)

26.    As a separate defense to the Complaint, the claims of Plaintiff and/or the proposed classes are barred in whole or in part because Plaintiff and/or the proposed classes consented to the pay system that is the subject of the Complaint.

### TWENTY-SEVENTH DEFENSE

### (Defendants Not Agents, Employees and/or Servants, Masters

### or  Employers of Each Other)

27.    As a separate defense to the Complaint, Defendants are and were not agents, employees and/or servants, masters or employers of each other.

### TWENTY-EIGHTH DEFENSE

### (Right to Assert Further Defenses)

28.    Defendants have insufficient knowledge or information on which to form a belief as to whether they have any additional, as yet unstated, defenses available.  Defendants reserve the right to assert additional affirmative defenses.

### PRAYER

WHEREFORE, Defendants pray for the following relief:

1.    That the Complaint be dismissed with prejudice and that Plaintiff and the proposed class take nothing thereby;

2.    That the purported class not be certified;

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT
09-CV-08061-CAS (JCx)

OHS WEST:261343713.2

1          3.      That judgment be entered in favor of Defendants on all claims and against

2    Plaintiff;

3          4.      That Defendants be awarded their attorneys' fees and costs of suit; and

4          5.      For such other and further relief as this Court may deem proper.

5

6    Dated:      September 30, 2011          PUTNEY, TWOMBLY, HALL & HIRSON LLP
                                             ORRICK, HERRINGTON & SUTCLIFFE LLP
7

8

9                                                          /s/

10                                              Daniel F. Murphy, Jr.
                                                *Attorneys for Defendants*
11                                           BURLINGTON COAT FACTORY WAREHOUSE
                                               CORPORATION, BURLINGTON COAT
12                                           FACTORY INVESTMENT HOLDINGS, INC. and
                                              BURLINGTON COAT FACTORY HOLDINGS,
13                                                            INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT
09-CV-08061-CAS (JCx)

OHS WEST:261343713.2

1

## CERTIFICATE OF SERVICE

2

3         Daniel F. Murphy, Jr., an attorney admitted to practice law in the State of New Jersey and

4  before this Court, hereby affirms that on September 30, 2011, he caused the foregoing

5  Defendants' Answer to the Amended Complaint to be served via ECF filing upon the following:

6

7                         Seth R. Lesser
                          Michael J. Palitz
8                         KLAFTER OLSEN & LESSER LLP
                          Two International Drive, Suite 350
9                         Rye Brook, New York 10573

10  And by first class mail upon the following:

11

12                        Michael A. Galpern
                          Andrew P. Bell
13                        LOCKS LAW FIRM, LLC
                          457 Haddonfield Road, Suite 500
14                        Cherry Hill, New Jersey 08002

15                            ___/s Daniel F. Murphy, Jr._____
16                            Daniel F. Murphy, Jr.

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT
09-CV-08061-CAS (JCx)

OHS WEST:261343713.2