UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
-------------------------------------------------------------X
STEVEN GOODMAN, Individually and on            :
Behalf of All Other Persons Similarly Situated, :   CIVIL ACTION: 11-CV-4395
                                                :
                 Plaintiff,                     :
                                                :
         -against-                              :
                                                :
BURLINGTON COAT FACTORY                         :
WAREHOUSE CORPORATION,                          :
BURLINGTON COAT FACTORY                         :
INVESTMENT HOLDINGS, INC.,                      :
and BURLINGTON COAT FACTORY                     :
HOLDINGS, INC.,                                 :
                 Defendants.                    :
-------------------------------------------------------------X
```

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF**
**MOTION FOR CONDITIONAL CERTIFICATION PURSUANT TO 29 U.S.C. § 216(b)**

      Seth R. Lesser
      Jeffrey A. Klafter
      Fran L. Rudich
      Kyra N. Hild
      KLAFTER OLSEN & LESSER LLP
      Two International Drive, Suite 350
      Rye Brook, New York 10573
      Telephone: (914) 934-9200
      www.klafterolsen.com

      Michael A. Galpern
      Andrew P. Bell
      LOCKS LAW FIRM, LLC
      457 Haddonfield Road, Suite 500
      Cherry Hill, New Jersey 08002
      Telephone: (856) 663-8200
      www.lockslaw.com

      *Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................ 2

I.    Plaintiff's Motion Must Be Considered Under The Lenient First-Stage Standard .................. 2

II.   The Merits of Collective Action Members' Claims Are Not Considered at This Stage ......... 3

III.  Plaintiff Has Met His Burden of Showing Burlington's Common Policy of Not Paying Similarly Situated Individuals Overtime ................................................................................ 5

      A.    Burlington Coat Factory's Authorities Are Misplaced. ..................................................... 7

      B.    Burlington's Reliance on Happy Camper Declarations Is Misplaced .............................. 9

      C.    Burlington's Other Contentions Fail................................................................................ 10

CONCLUSION ........................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**

*Alli v. Boston Market Corp.*, 2011 U.S. Dist. LEXIS 101530 (D. Conn. Sept. 8, 2011).......... 9, 10

*Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459 (S.D.N.Y. 2007) ......................... 10

*Aquilino v. The Home Depot, Inc.*, 2006 U.S. Dist. LEXIS 66084 (D.N.J. 2006) ......................... 4

*Aros v. United Rentals, Inc.*, 269 F.R.D. 176 (D. Conn. 2010). ................................................. 6, 9

*Bramble v Wal-Mart Stores, Inc.*, 2011 U.S. Dist. LEXIS 39457 (E.D. Pa. Apr. 12, 2011).......... 8

*Brickey v. Dolgencorp, Inc.*, 272 F.R.D. 344 (W.D.N.Y. 2011) ..................................................... 8

*Cohen v. Gerson Lehrman Group, Inc.*, 686 F. Supp. 2d 317 (S.D.N.Y. 2010).......................... 10

*Craig v. Rite Aid Corp.*, 2009 U.S. Dist. LEXIS 114785 (M.D. Pa. Dec. 9, 2009).......... 4, 8, 9, 10

*Creely v. HCR Manorcare, Inc.*, 789 F. Supp. 2d 819 (N.D. Ohio 2011) ...................................... 9

*Damassia v. Duane Reade, Inc.*, 2006 U.S. Dist. LEXIS 73090 (S.D.N.Y. Oct. 5, 2006) .. 4, 5, 10

*Elliott v. Amspec Servs., LLC*, 2011 U.S. Dist. LEXIS 136503 (D.N.J. Nov. 29, 2011)................ 3

*Gortat v. Capala Bros.*, 2010 U.S. Dist. LEXIS 35451 (E.D.N.Y. Apr. 9, 2010)......................... 5

*Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469 (S.D.N.Y. 2010)....................................... 8

*Guillen v. Marshalls of MA, Inc.* 2012 U.S. Dist. LEXIS 4364 (S.D.N.Y. Jan. 13, 2012) .............8

*Henry v. Quicken Loans, Inc.,* 2009 U.S. Dist. LEXIS 90126 (E.D. Mich. Sept. 30, 2009)........ 10

*Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265 (M.D. Ala. 2004) .................................................... 8

*Ibea v. Rite Aid Corp.*, 2012 U.S. Dist. LEXIS 4682 (S.D.N.Y. Jan. 6, 2012) ............................. 8

*Ibea v. Rite Aid Corp.*, 2011 U.S. Dist. LEXIS 144652 (S.D.N.Y. Dec. 14, 2011) ........................8

*Indergit v. Rite Aid Corp.*, 2010 U.S. Dist. LEXIS 60202 (S.D.N.Y. June 15, 2010).................... 8

*Jenkins v. TJX Cos., Inc.*, 2012 U.S. Dist. LEXIS 46394 (E.D.N.Y. Mar. 31, 2012) .................... 8

*Khan v. Airport Mgmt. Servs, LLC*, 2011 U.S. Dist. LEXIS 133134 (S.D.N.Y. Nov. 16, 2011)... 8

*Krstic v. J.R. Contr. & Envtl. Consulting*, 2010 U.S. Dist. LEXIS 9478 (D.N.J. Jan. 28, 2010)... 4

*Lujan v. Cabana Mgmt., Inc.*, 2011 U.S. Dist. LEXIS 9542 (E.D.N.Y. Feb. 1, 2011) .................. 9

*Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008).................................... 3, 7

*Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493 (D.N.J. 2000) ............................ 8

*Myers v. Hertz*, 624 F.2d 537 (2d Cir. 2010)................................................................................ 4

*Neary v. Metro Prop & Casualty*, 517 F. Supp. 2d 606 (D. Conn. 2007) ..................................... 6

*Parker v. NutriSystem*, 2008 U.S. Dist. LEXIS 74896 (E.D. Pa. Sept 26, 2008).......................... 4

*Pippins v. KPMG, LLP*, 2012 U.S. Dist. LEXIS 949 (S.D.N.Y. Jan. 3, 2012) .............................. 9

*Raniere v. Citigroup Inc.*, 2011 U.S. Dist. LEXIS 135393 (S.D.N.Y. Nov. 22, 2011)................ 10

*Ravenell v. Avis*, 2010 U.S. Dist. LEXIS 72563 (E.D.N.Y. 2010) ................................................ 6

*Scott v. Bimbo Bakeries, Inc.*, 2012 U.S. Dist. LEXIS 26106 (E.D. Pa. Feb. 29, 2012) ................ 4

*Shakib v. Back Bay Rest. Group, Inc.*, 2011 U.S. Dist. LEXIS 124143
    (D.N.J. Oct. 26, 2011) ............................................................................................................ 2, 4

*Shores v. Publix Super Mkts.*, 1996 U.S. Dist. LEXIS 22396 (M.D. Fla. Nov. 25, 1996) ............. 9

*Sjoblom v. Charter Comm.*, 2007 U.S. Dist. LEXIS 94829 (W.D. Wis. Dec. 26, 2007) ............... 9

*Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392 (D.N.J. 1988)............................................... 3

*Stillman v. Staples, Inc.*, 2009 U.S. Dist. LEXIS 42247 (D.N.J. May 15, 2009) ................... 2, 3, 7

*Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189 (3d Cir. 2011) .............................. 2, 3, 4, 10

*Tahir v. Avis Budget Group, Inc.*, 2011 U.S. Dist. LEXIS 37279 (D.N.J. Apr. 6, 2011)............... 7

*Threatt v. Residential CRF, Inc.*, 2005 U.S. Dist. LEXIS 16903 (N.D. Ind. Aug. 12, 2005)....... 11

*Tucker v. Labor Leasing*, 872 F. Supp. 941 (M.D. Fla. 1994)..................................................... 11

*Vasquez v. Vitamin Shoppe Indus., Inc.*, 2011 U.S. Dist. LEXIS 74376
    (S.D.N.Y. July 11, 2011)............................................................................................................. 8

*Wright v. Lehigh Valley Hosp. & Health Network*, 2011 U.S. Dist. LEXIS 5363
    (E.D. Pa. Jan. 20, 2011).......................................................................................................... 3, 4

*Youngblood v. Family Dollar Stores, Inc.*, 2011 U.S. Dist. LEXIS 115389
    (S.D.N.Y. Oct. 4, 2011)................................................................................................................ 5

*Zaniewski v. PRRC Inc.*, 2012 U.S. Dist. LEXIS 37546 (D. Conn. Mar. 20, 2012) ...................... 6

**Statutes and Rules**

Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*................................................... *passim*

Fed. R. Civ. P. 23................................................................................................................. 2, 5

This Reply Memorandum of Law is submitted in further support of Plaintiff's motion for conditional certification of a collective action under 29 U.S.C. § 216(b), and for other relief.

At a "first stage" determination whether a collective action should be certified, case law is clear that the sole question to be decided is whether there are persons "similarly situated" who would benefit from notice and an opportunity to join this action. The burden of showing that persons are "similarly situated" is "lenient", and Plaintiff has more than met this burden here by demonstrating that all Burlington Coat Factory ("Burlington") Assistant Store Managers ("ASMs") are subject to the same policy of not being paid any overtime for hours worked over 40 in a workweek.

Faced with this Circuit's jurisprudence governing Section 216(b) certifications (*see* Plaintiff's initial Brief ("Pl. Mem."), 9-18), Burlington's brief ("Def. Mem."), fails to refute Plaintiff's showing. Burlington (1) disregards and effectively disowns its corporate documents and the testimony of its Rule 30(b)(6) corporate designee, Louis Ansara; (2) misrepresents this Court's (and the Third Circuit's) "lenient" standard for Section 216(b) motions; (3) relies, repeatedly, on inapposite cases; and (4) mischaracterizes the evidence presented by the Plaintiff.

While Burlington argues that ASMs perform different tasks (Def. Mem.8-20), none of the corporate documents or the 30(b)(6) testimony suggest any such thing. To the contrary, Mr. Ansara admitted that all Burlington ASMs had the same general duties, had the same job description, used the same training materials, and were subject to the same corporate policies and compensation methods. *See* Pl. Mem. 3-9. The evidence demonstrates that this uniform treatment of ASMs included, most importantly, Burlington's determination that all ASMs, regardless of the actual duties they performed, were exempt under the FLSA and were all not paid overtime. Now, post-suit, Burlington argues that "to determine the primary duty of an ASM

1

in any particular week, the Court must analyze what each ASM is doing that week" (Def. Mem. 36), and there must be "an individualized analysis of each ASM's job duties" (*id*. at 3) – analyses that Burlington itself never did, instead choosing to categorize ASMs as exempt employees based on a nationwide policy. Burlington cannot have it both ways.

Indeed, even at a second-stage analysis Burlington's arguments would not preclude collective action treatment, as is demonstrated by Judge Shwartz's decision in *Stillman v. Staples, Inc.*, 2009 U.S. Dist. LEXIS 42247 (D.N.J. May 15, 2009) (Shwartz, *M.J.*), where the undersigned counsel prevailed after a six-week FLSA collective action jury trial on the exact same type of ASM misclassification claim and against the same kind of objections Burlington now makes at the first stage. Lacking any real arguments, Burlington falls back on arguing the *merits* of the ultimate claims and relying upon undeposed, interested-witness declarations, which courts have termed "happy camper" declarations. It is submitted that this Court should disregard (or strike) such declarations (*see* discussion, *infra*, at 11-13) and that any evaluation of the merits of the claims is improper at the "first stage analysis". *See* discussion, *infra*, at 5-6.

## ARGUMENT

**I.     Plaintiff's Motion Must Be Considered Under The Lenient First-Stage Standard**

While Defendants rely on Rule 23 cases rather than the FLSA's Section 216(b), the Third Circuit explicitly adopted "a two-step approach" to Section 216(b) certification in *Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 192-93 (3d Cir. 2011), which Burlington ignores. *See Shakib v. Back Bay Rest. Group, Inc.*, 2011 U.S. Dist. LEXIS 124143, *4 (D.N.J. Oct. 26, 2011).

Plaintiff's motion is therefore evaluated under the "lenient" first stage standard which only "requires some evidence beyond mere speculation that the defendant's policy affected other employees." *Wright v. Lehigh Valley Hosp. & Health Network*, 2011 U.S. Dist. LEXIS 5363, at

\*5 (E.D. Pa. Jan. 20, 2011). As Judge Cavanaugh recently explained, "[n]otice is warranted where the court has before it 'some modest evidence, beyond pure speculation, that [the employer's] alleged policy affected other employees.'" *Elliott v. Amspec Servs., LLC*, 2011 U.S. Dist. LEXIS 136503, at \*5 (D.N.J. Nov. 29, 2011) (citing cases). That is why, "[a]t this stage, given the low threshold, courts' analyses 'typically [result] in conditional certification of a representative class.'" *Id.* at \*6 (citing cases). Here, evidence fully satisfying Plaintiffs' burden exists in the form of Burlington's documents, the Plaintiff's and opt-ins' testimony, the testimony of a former District Manager, and the admissions of Defendants' Rule 30(b)(6) deponent. *See* Pls. Mem. 2-9.

## II.     The Merits of Collective Action Members' Claims Are Not Considered at This Stage

While Defendants cannot deny that this motion is at the first stage of the two-step process, they nevertheless ask the Court to engage in a second-stage merits analysis by claiming that "[t]he real question is how the ASMs actually spend their time and was their actual primary duty management." Def. Mem. 28. While Plaintiff disputes whether material differences exist, the debate of such issues is premature and should be reserved for the second-stage. *See Symczyk*, 656 F.3d 189 at 193 (*citing Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008)). At that time, this Court may determine whether the primary duties of the actual collective action members (who are unknown at this time) are, in fact, similar.[1]

"Similarly situated" at the first stage does not mean (as Burlington argues) effective identicality as to the merits of the alleged FLSA violation, but rather only that plaintiff need

---

[1] There will always be some differences between what similarly situated employees did in their jobs. But such differences must be material to defeat certification. *See Stillman*, 2009 U.S. Dist. LEXIS 42247, at \*68. As explained in the seminal case, *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 405 (D.N.J. 1988), *aff'd*, 862 F. 2d 439 (3d Cir. 1988), *aff'd*, 493 U.S. 165 (1989), "plaintiffs need show only 'that their positions are similar, not identical,' to the positions held by the putative class members."

show a "uniform business practice." *Damassia v. Duane Reade, Inc.*, 2006 U.S. Dist. LEXIS 73090, *18 (S.D.N.Y. Oct. 5, 2006). Citing *Damassia*, the Second Circuit explained in *Myers v. Hertz*, 624 F.2d 537, 555 (2d Cir. 2010) (itself cited approvingly in *Symczyk*, 656 F.3d 189 at 194), that:

> In a FLSA exemption case, plaintiffs accomplish this by making some showing that "there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions," on which the criteria for many FLSA exemptions are based, who are classified as exempt pursuant to a common policy or scheme.

The merits of the claim – namely, that Burlington's classification is wrong because the putative collective action members do not perform sufficiently managerial work – is a determination that is not before the court: "[the court's] role at this stage of the proceedings is not to weigh the merits of conflicting factual issues undergirding the claims." *Wright*, 2011 U.S. Dist. LEXIS 5363 at *12; *see also* Pl. Mem. 14-15. Indeed, the merits cannot be at issue because unless and until putative collective action members actually join this action, this Court does not have jurisdiction over their FLSA claims (*see* discussion, *infra*). As another court cautioned in a misclassification case involving ASMs at retail stores, "Defendants' arguments too often invite the Court to delve into the merits of Plaintiff's claims. Such analysis is improper at this stage of the proceedings, and can be revisited at the second stage of certification." *Craig v. Rite Aid Corp.*, 2009 U.S. Dist. LEXIS 114785, *12 (M.D. Pa. Dec. 9, 2009).[2] Here, Plaintiff's evidence shows that the ASMs are treated similarly "with respect to their job requirements and with regard to their pay provisions." *Myers*, 624 F.2d 537 at 555.

---

[2] *Accord, e.g., Krstic v. J.R. Contr. & Envtl. Consulting*, 2010 U.S. Dist. LEXIS 9478, at *5 (D.N.J. Jan. 28, 2010); *Scott v. Bimbo Bakeries, Inc.*, 2012 U.S. Dist. LEXIS 26106, at *22-3 (E.D. Pa. Feb. 29, 2012); *Aquilino v. The Home Depot, Inc.*, 2006 U.S. Dist. LEXIS 66084, at *2 (D.N.J. 2006); ; *Parker v. NutriSystem*, 2008 U.S. Dist. LEXIS 74896, at *5 (E.D. Pa. Sept 26, 2008); *Shakib*, 2011 U.S. Dist. LEXIS 124143 at *6.

The reason why merits are not at issue, and the core flaw in Burlington's analysis is captured by Defendants' statement that "to show they are similarly situated, Plaintiff must provide sufficient evidence that *all* ASMs deviate from the requirements and policies he cites, for a common reason and in the same way, to primarily perform non-exempt tasks." Def. Mem. 32 (emphasis supplied). A Section 216(b) collective action is not a Rule 23 opt-out case; rather, the question to be proven at trial only has to address the similarity of those individuals who opt-into the action, not "*all*" such individuals at the company.[3] As discussed in Plaintiff's opening brief, relying on Judge Glasser's *Gortat* opinion (which is ignored by Burlington), given that the statute of limitations runs on FLSA claims until a consent is filed, the "heightened scrutiny standard is only appropriate after the opt-in period has ended and the court is able to examine whether the *actual* plaintiffs who joined the case are similarly situated. It would not sensibly serve the purposes of a two-step scheme to impose on plaintiffs a heightened burden of proving that as-yet-unknown plaintiffs are similarly situated." Pl. Mem. 15 (citing *Gortat v. Capala Bros.*, 2010 U.S. Dist. LEXIS 35451, *34-35 (E.D.N.Y. Apr. 9, 2010)). In short, Plaintiff does *not* now have to prove the ultimate merits of his or potential opt-ins' claims.

### III. Plaintiff Has Met His Burden of Showing Burlington's Common Policy of Not Paying Similarly Situated Individuals Overtime

Plaintiff's evidence is anything but "rank speculation and ramblings [] entitled to little consideration." Def. Mem. 34. In addition to Plaintiff's deposition testimony, as well as that of the two opt-ins, the third party witness, and Burlington's corporate deponent, Defendants' own

---

[3] This case could even be certified, with a more complete record under Rule 23 because Rule 23 certification is proper where, as here, there exist a "comprehensive set of corporate policies" defining an ASM's role. *See, e.g., Damassia v. Duane Reade, Inc.,* 250 F.R.D. 152, 156 (S.D.N.Y. 2008) (ASM case certified under Rule 23 over, in effect, the same objections Defendants make here as to differences among ASMs); *Youngblood v. Family Dollar Stores, Inc.*, 2011 U.S. Dist. LEXIS 115389 (S.D.N.Y. Oct. 4, 2011) (same; store manager case).

5

non-litigation-created documents show ASMs are similarly situated for 216(b) purposes: a uniform job description, uniform corporate policies and guidelines, and uniform training materials are applicable to all ASMs.[4] (*See* Pl. Mem. 3-9). Despite Burlington's argument otherwise, these corporate documents are, in fact, relevant. A similar case, *Zaniewski v. PRRC Inc.*, 2012 U.S. Dist. LEXIS 37546, at *43-45 (D. Conn. Mar. 20, 2012), recently held:

> [Defendants' 30(b)(6) witness] did state that uniform PriceRite corporate policy details employees' job duties; the same detailed job description is given to each ASM which each ASM is required to follow; corporate efforts are made to ensure that ASMs' jobs are uniform and consistent from store to store and state to state; the ASM position has not changed in 17 years; there is only one ASM job description and one set of duties for all PriceRite stores; those job descriptions are provided to ASMs to instruct them as to their duties; and all ASMs for all stores and in all states, are trained in the same way through methods supervised by the same individual. Employers' use of practices such as these appear with regularity throughout the cited cases. They make good business sense. The Court is not critical of them. However, when such practices respecting a particular group of employees are coupled with the employer's uniform classification of all members of that group as 'exempt', the conclusion is compelled that the employees are 'similarly situated' for purposes of an FLSA action challenging the validity of the exemption.

*Accord, e.g., Ravenell v. Avis*, 2010 U.S. Dist. LEXIS 72563, at *11-12 (E.D.N.Y. 2010) ("Plaintiffs' argument is buttressed by Avis's own corporate documents, which reveal that all Avis shift managers, wherever located, were treated as part of a category of similarly situated employees.").

---

[4] Notwithstanding Defendants' contentions, Plaintiff and the opt-ins did not "disavow" the job description in its entirety. For example, when Plaintiff Goodman was asked whether a portion of the ASM job description was accurate, he responded "Partially." Deposition of Steven Goodman ("Goodman Dep.") at 143, 148-150; *see also* Deposition of Edwin Murillo ("Murillo Dep.") at 57, 63, 69-71; Deposition of Donna Wilson ("Wilson Dep.") at 58-60, 100-1, 105-7 (attached as Exhibits I, G, and H, respectively, to the Declaration of Seth R. Lesser, dated April 30, 2012 ("Lesser Dec."). Where a FLSA misclassification plaintiff admits he did some job description duties, but not others (and, hence, did not totally "disavow" it), certification is proper. *Neary v. Metro Prop & Casualty*, 517 F. Supp. 2d 606, 621 (D. Conn. 2007) (granting certification because the plaintiff did not "completely disavow" his employer's job description, but instead claimed that "all putative class members were injured by the same . . . policy-designation as exempt from the FLSA . . . which is sufficient to meet the lenient first-tier collective action standard."); *accord Aros v. United Rentals, Inc.*, 269 F.R.D. 176, 182 (D. Conn. 2010).

For all its words, Burlington cannot deny that its ASMs are similarly situated because no matter what region of the country in which they work, their job requirements, training materials, corporate policies, compensation method, job description, and work rules are standardized, and they are uniformly treated as exempt employees under the FLSA.  *See* Pl. Mem. 3-9.

Indeed, Burlington has a hierarchical, standardized set of business practices through which it maintains top-down control to ensure that each store operates the same way.  As a result, Burlington's ASMs operate under, and pursuant to, a demonstrable comprehensive corporate set of standard policies and procedures. This is corroborated by a third party deponent - a former Burlington District Manager – who testified that Burlington ASMs were required to follow company policies and guidelines and to complete tasks assigned by Burlington's headquarters through the corporate-wide "task management" system. Deposition of Claudia Gonzalez ("Gonzalez Dep.") at 182-83, 186-89 (attached to Lesser Dec., Exhibit S).  While beyond the scope of the present motion, these same type of misclassification claims, involving individuals who work for a nationwide retail entity with comprehensive corporate policies and guidelines, are the very claims that courts have found appropriate for purposes of FLSA representative trials.  Such claims were what underlay the leading circuit court decision upholding such a verdict following a jury trial, *Morgan v. Family Dollar, supra*, and, this Court's only FLSA misclassification case tried to verdict. *Stillman*, 2009 U.S. Dist. LEXIS 42247.

    A.    **Burlington Coat Factory's Authorities Are Misplaced.**

Burlington is essentially arguing that the two-stage process employed in this Court and Circuit time and again is wrong. It primarily relies on cases arising from an entirely different procedural context or distinguishable non-Third Circuit, outlier cases.  Thus, in *Tahir v. Avis Budget Group, Inc.*, 2011 U.S. Dist. LEXIS 37279, *6 (D.N.J. Apr. 6, 2011), Judge Chesler

applied a second-stage analysis because "[u]nlike the typical motion for conditional certification … Plaintiff's motion presents the similarly situated question after the close of discovery" when "the factual record [wa]s completely developed."  In so holding, Judge Chesler cited another case from this Court, also cited by Burlington, *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000), a case that was "clearly beyond the first [stage 216(b) analysis] as over 100 potential plaintiffs have already opted into this lawsuit" and discovery was completed prior to the filing of the conditional certification motion.  Neither situation is present here.

In turn, neither *Khan v. Airport Mgmt. Servs, LLC,* 2011 U.S. Dist. LEXIS 133134 (S.D.N.Y. Nov. 16, 2011), nor *Vasquez v. Vitamin Shoppe Indus., Inc*., 2011 U.S. Dist. LEXIS 74376 (S.D.N.Y. July 11, 2011), presented such a full panoply of evidence as: (1) a plaintiff and two opt-ins who worked in a number of stores; (2) a Rule 30(b)(6) deponent who admitted that the company treats its relevant employees in a uniform and consistent manner; (3) a third party district manager witness whose testimony largely corroborates Plaintiff and the opt-ins; and (4) extensive documentary evidence showing a uniform set of corporate policies, procedures and materials governing the job.  Likewise, *Jenkins v. TJX Cos., Inc.*, 2012 U.S. Dist. LEXIS 46394 (E.D.N.Y. Mar. 31, 2012), was decided without prejudice to renewal and until and unless there is a definitive ruling on a Section 216(b) certification in *Jenkins*, its precedential value is limited.[5]

---

[5] Other cases relied upon by Burlington are also at odds with this Court's precedent.  In *Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265 (M.D. Ala. 2004), not only did the plaintiffs attempt to certify a class of both Assistant and Store Managers, two different positions, but the decision is a recognized outlier that courts have refused to follow.  Since *Holt*, three other courts have certified collective actions of Rite Aid ASMs. *See Indergit v. Rite Aid Corp.*, 2010 U.S. Dist. LEXIS 60202 (S.D.N.Y. June 15, 2010); *Craig*, 2009 U.S. Dist. LEXIS 114785; *Ibea v. Rite Aid Corp*., 2012 U.S. Dist. LEXIS 4682 (S.D.N.Y. Jan. 6, 2012).  *Bramble v Wal-Mart Stores, Inc*., 2011 U.S. Dist. LEXIS 39457 (E.D. Pa. Apr. 12, 2011), also cited by Burlington, relied upon *Holt*, and otherwise improperly presented a merits-type analysis of the claims.  Finally, in *Brickey v. Dolgencorp, Inc*., 272 F.R.D. 344, 347 (W.D.N.Y. 2011), the decision was based on a year of "facts and merits discovery phases."  The two magistrate judge's decisions in *Guillen v. Marshalls of MA, Inc*., 750 F. Supp. 2d 469 (S.D.N.Y. 2010) and 2012 U.S. Dist. LEXIS 4364

### B.     Burlington's Reliance on Happy Camper Declarations Is Misplaced

Inasmuch as the standards and case law so disfavor Burlington, it has dumped on the Court irrelevant and self-serving declarations from current ASMs or friendly witnesses. In the FLSA context, these are known as "happy camper" declarations, and they are "of little use" in a Section 216(b) motion. *Creely v. HCR Manorcare, Inc.*, 789 F. Supp. 2d 819, 840 (N.D. Ohio 2011) (dismissing 35 "happy camper" declarations). Courts routinely dismiss happy camper declarations because, at this stage, the focus should be on plaintiffs' evidence (not defendant's) as to whether plaintiffs have met their "modest factual showing." *Aros*, 269 F.R.D. at 176, 180 (current employee declarations not relevant); *Craig*, 2009 U.S. Dist. LEXIS 114785 at *9 (ignoring defendants' multiple employee certifications); *Alli v. Boston Market Corp.*, 2011 U.S. Dist. LEXIS 101530, *14 (D. Conn. Sept. 8, 2011) (same); *Lujan v. Cabana Mgmt., Inc.*, 2011 U.S. Dist. LEXIS 9542 (E.D.N.Y. Feb. 1, 2011) (same).

In Section 216(b) cases, courts have long recognized that statements gathered by an employer from current employees are inherently coercive and should be disregarded. *Sjoblom v. Charter Comm.*, 2007 U.S. Dist. LEXIS 94829, *10 (W.D. Wis. Dec. 26, 2007) (striking declarations); *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 527 F. Supp. 2d 1053, 1060 (N.D. Cal. 2007) (because employee declarations have "glaring reliability concerns" and "carry within them possible pressure arising from ongoing employment relationships", refused to consider them at conditional certification); *Shores v. Publix Super Mkts.*, 1996 U.S. Dist. LEXIS 22396, *11 (M.D. Fla. Nov. 25, 1996) ("highly suspicious" of declarations taken via ex parte work place communication). Further, as stated in *Cohen v. Gerson Lehrman Group, Inc*., 686 F. Supp. 2d 317, 329 (S.D.N.Y. 2010), "it would be inappropriate to rely on defendants' affidavits

---

(S.D.N.Y. Jan. 13, 2012) objection and have otherwise been explicitly rejected. *See Pippins v. KPMG, LLP*, 2012 U.S. Dist. LEXIS 949, *34-35 (S.D.N.Y. Jan. 3, 2012); *Ibea v. Rite Aid Corp.*, 2011 U.S. Dist. LEXIS 144652, at *6-7 (S.D.N.Y. Dec. 14, 2011).

at an early stage of litigation, prior to the affiants' availability for deposition." *Accord Damassia*, 2006 U.S. Dist. LEXIS 73090 at *9 These words have particular applicability here, in light of the fact that Defendants did not produce the declarations in a timely manner – indeed, they were not even listed in Defendant's Rule 26 disclosure – and were only produced with Defendants' opposition papers. On this ground alone they could properly be stricken. *See, e.g., Henry v. Quicken Loans, Inc.,* 2009 U.S. Dist. LEXIS 90126, *15 (E.D. Mich. Sept. 30, 2009).

Inasmuch as Burlington submitted these "happy camper" declarations (and spent a substantial part of its brief relying upon them) to argue the merits, they are irrelevant, in no small measure because they are submitted by individuals who would most likely not opt-in). *See Craig*, 2009 U.S. Dist. LEXIS 114785, at *9; *Alli*, 2011 U.S. Dist. LEXIS 101530, at *14. To "balance the parties' competing affidavits at this stage would require the Court to determine the facts, determine the credibility of undeposed [Burlington] declarants versus the deposed Plaintiffs, and resolve legal contentions, all of which the conditional certification and potential later decertification process is structured so as to avoid." *Raniere v. Citigroup Inc.*, 2011 U.S. Dist. LEXIS 135393 at *78-79 (S.D.N.Y. Nov. 22, 2011).

    C.    **Burlington's Other Contentions Fail.**

Burlington also argues that Plaintiff must show that ASMs "desire to opt-in before notice can be authorized." Def. Mem. 36. This is not the law in the Third Circuit (or elsewhere, *see Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 466 (S.D.N.Y. 2007); *Neary,* 517 F. Supp. 2d at 622-23, *Gortat*, 2010 U.S. Dist. LEXIS 35451 at *10)), as evidenced by both the absence of any such requirement in the Court of Appeal's *Symczyk* decision and a single Third Circuit cite. But even if this requirement existed in this Circuit, it would be met by the two individuals who, to date, have opted in to this case. Nor is there any basis for Burlington's

claims (Def. Mem. 37) that ASMs "do not agree" with this case – notice has yet to go out and ASMs who did not agree would simply not opt in.

In a last-ditch effort to avoid notice to ASMs of their FLSA rights, and notwithstanding Burlington's uniform nationwide policies, Burlington argues the Court should restrict conditional certification to ASMs who worked in the Coral Springs and Hialeah Stores by misrepresenting the stores at which the Plaintiff and opt-ins worked[6] and discounting the testimony of the third party witness.  Gonzalez Dep. at 186-89.  Burlington's cases are misplaced.  For example, in *Threatt v. Residential CRF, Inc.*, 2005 U.S. Dist. LEXIS 16903 (N.D. Ind. Aug. 12, 2005), notice was limited because, unlike here, "[p]laintiffs have not submitted job descriptions, [defendant] policy manuals, nor any affidavits of [defendant] employees who worked anywhere other than Fort Wayne."  In *Tucker v. Labor Leasing*, 872 F. Supp. 941, 948 (M.D. Fla. 1994), "the wage rates and shift decisions are determined on a terminal-by-terminal basis" unlike Burlington's nationwide classification and overtime policies nationwide.[7]

---

[6] Defendants' statement that Plaintiff and opt-ins worked only in the Coral Springs and Hialeah stores under District Manager Gonzalez, ignores the fact that Plaintiff Goodman also worked in the Defendants' Hallandale store, trained in the Sawgrass store and would visit the Sawgrass, Miami and Boynton Beach stores to pick up merchandise or supplies, do inventory and inventory prep, and do freight and clean up. (Goodman Dep. at 7-8, 18-21). It also ignores that opt-in Wilson received training at Burlington's Sawgrass store and visited that store for work purposes (Wilson Dep. at 35, 43) and that opt-in Murillo worked at the Hallandale, Dolphin Mall and Sawgrass stores (Murillo Dep. at 28-9).

[7] Defendants also raise issues regarding the notice should certification be granted.  Def. Mem.38-40.  These need not be addressed now since, as Plaintiffs' opening memorandum noted (Pl. Mem. 18), Plaintiffs will meet and confer with Defendants on the form of and timing of a notice to be sent to the collective action members which, experience has shown, could obviate these issues (or, contrariwise, raise yet other issues) that should be addressed and put before the Court with actual notice forms and procedures – either agreed upon or disputed.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Conditional Certification should be granted pursuant to 29 U.S.C. § 216(b), so that current and former Burlington ASMs can be promptly notified of their right to participate in this lawsuit.


Dated: June 28, 2012                                         KLAFTER OLSEN & LESSER LLP

By    s/ Seth R. Lesser
Seth R. Lesser
Fran L. Rudich
Kyra N. Hild
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200
Facsimile: (914) 934- 9220
Email: seth@klafterolsen.com

LOCKS LAW FIRM, LLC

By    s/ Andrew P. Bell
Michael A. Galpern
Andrew P. Bell
LOCKS LAW FIRM
457 Haddonfield Avenue, Suite 500
Cherry Hill, NJ 08002
(856) 663-8200
-and-
747 Third Avenue 37th Floor
New York, NY 10017
(212) 838-3333

*ATTORNEYS FOR PLAINTIFF*

12