[Doc. No. 186]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

STEVEN GOODMAN, Individually
and on behalf of all other
persons similarly situated,

      Plaintiff,

   v.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION, el al.,

      Defendants.

Civil No. 11-4395 (JHR/JS)

---

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on plaintiff's "Motion for a Protective Order to Limit Opt-In Depositions and Defendants' Discovery Demands of the Opt-Ins." [Doc. No. 186]. The issue to be addressed is the scope of permissible discovery in this conditionally certified collective action. The Court received defendants' response [Doc. No. 192], plaintiffs' reply [Doc. No. 194], and recently held oral argument. For the reasons to be discussed plaintiffs' motion is GRANTED in part and DENIED in part.

    On July 29, 2011, plaintiffs filed this action claiming that defendants' store managers were misclassified as "exempt" under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201 et seq., and were not paid overtime for hours worked in excess of 40 hours.[1]

---

    [1]Steven Goodman was the only plaintiff named in the original complaint. Before the collective action was certified Donna Wilson, Edwin Murillo, Sharon Layne and Wanda West opted-in.

On November 20, 2012, the Honorable Joseph H. Rodriguez, S.U.S.D.J., conditionally certified the class pursuant to Section 16(b) of the FLSA. See Goodman v. Burlington Coat Factory, et al., C.A. No. 11-4395 (JHR), 2012 WL 5944000 (D.N.J. Nov. 20, 2012). The class includes Operations Managers, Customer Service Logistics Managers, and Merchandise Managers (collectively "Assistant Store Managers") for defendants in the United States from July 28, 2008 to the present. After the Notice and Consent forms were mailed 567 persons opted into the class. Plaintiffs now want to take discovery on the merits of their claims and to show they are "similarly situated." Defendants have made no secret of the fact that they want to take discovery as a prelude to filing a motion to decertify the class. The present motion addresses the scope of permissible discovery. The parties' "meet and confer" did not resolve their fundamental disagreement. In short, plaintiffs propose "representative" discovery and defendants want "individualized" discovery.

Plaintiffs want to limit defendants' discovery, without prejudice, to the following: (1) depositions of twenty randomly selected opt-in plaintiffs; (2) depositions to be limited to no more than two hours except for good cause shown as to a specific deposition; and (3) limiting defendants' written discovery to

2

twenty different opt-in plaintiffs.[2]   Plaintiffs argue no more
depositions are needed or otherwise the depositions become "mind-
numbingly repetitive."  Brief at 3.  They argue time limitations
are necessary to prevent harassment and irrelevant questioning.
Brief at 7.  Plaintiffs suggest that defendants typically ask for
an exorbitant number of depositions in the hope that the selected
deponents will withdraw their consent and abandon their claim.  Id.
at 3.  Plaintiffs also argue that although written discovery is of
"negligible probative value for decertification motions," they will
agree to respond to written discovery for twenty randomly selected
opt-in plaintiffs.  Id. at 4.  Plaintiffs argue that permitting
open-ended discovery conflicts with the purpose of FLSA collective
action suits of "lower[ing] individual costs to vindicate rights by
the pooling of resources."  Brief at 5 (citing Hoffman-LaRoche,
Inc. v. Sperling, 493 U.S. 165, 179 (1989)).  Citing case law from
around the country, plaintiffs argue district courts "routinely
deny individualized discovery in class and collective actions
because it is costly, inefficient and inconsistent with the class
and collective action device."  Brief at 9.

     Not surprisingly defendants disagree with plaintiffs.
Defendants propose the following discovery plan, reserving their
right to request additional discovery: (1) depositions of fifty

_____

     [2]Plaintiffs propose each side select ten opt-in plaintiffs
for written discovery.

opt-in plaintiffs; (2) depositions to be limited to seven hours; and (3) all 572 plaintiffs to answer interrogatories, document requests and requests for admissions. Defendants argue that each opt-in is a party plaintiff and should be the subject of individualized discovery. They argue "discovery from each and every opt-in Plaintiff is both 'necessary and appropriate' because opt-in Plaintiffs are parties to the action and [defendants] are entitled to challenge their claim that they are similarly situated to each other and the named Plaintiff." Opposition at 6. Defendants argue limiting discovery as plaintiffs suggest "would sharply diminish [their] ability to demonstrate the differences that exist among the conditional class members." Id. at 7. Defendants insist they must be permitted to conduct "a fact-specific, highly individualized inquiry into each Plaintiff's activities." Id. at 9.

Discussion

In order to put the present discovery dispute in context a brief summary of the applicable FLSA certification law is appropriate. FLSA certification involves a two-step process. At the first step, plaintiffs simply need to make a "modest factual showing" that the employees in the complaint can be provisionally categorized as similarly situated to the named plaintiff. Goodman, 2012 WL 5944000, at *3 (citations omitted). Although it is common to refer to this as conditional certification, it "is not really a

4

certification.  It is actually the district court's exercise of [its] discretionary power ... to facilitate the sending of notice to potential class members and is neither necessary nor sufficient for the existence of a representative action under [the] FLSA." Zavala v. Wal Mart Stores, Inc., 691 F.3d 527, 536 (3d Cir. 2012)(citation and internal quotations omitted).  "It is possible for a class to be certified at stage one but fail certification at stage two.  Granting a conditional certification in stage one is not a final or permanent decision."  Garcia v. Freedom Mortg. Corp., 790 F. Supp. 2d 283, 286 (D.N.J. 2011).

After discovery is complete and the case is ready for trial, the case is in stage two.  Id.  If the defendant moves to decertify the class, a second, final determination will be made as to class certification.  At the second stage, plaintiffs must show by a preponderance of the evidence that the proposed collective action plaintiffs are in fact "similarly situated."  Zavala, 691 F.3d at 536-37. To determine whether plaintiffs are similarly situated courts use an "ad-hoc approach, which considers all the relevant factors and makes a factual determination on a case-by-case basis." Id. at 536.  This is a fact intensive inquiry which analyzes, inter alia, whether the plaintiffs are located in the same department or location, whether the plaintiffs advance similar claims, whether the plaintiffs seek similar relief, and whether the plaintiffs have similar salaries and circumstances of employment.  Id. at 536-37.

As to discovery, it is well settled that the Federal Rules of Civil Procedure "allow broad and liberal discovery." Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999).  Nonetheless, while the scope of discovery pursuant to Rule 26 is broad, it is not unlimited and may be circumscribed. Bayer AG v. Betachem, Inc., 173 F.3d 188, 189 (3d Cir. 1999); Kopacz v. Delaware River and Bay Authority, 225 F.R.D. 494, 497 (D.N.J. 2004).  Even if discovery is relevant the Court has discretion to impose limits where the discovery sought is unreasonably cumulative or duplicative, or where the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2)(C).  In addition, Rule 26(c) authorizes a Court to issue a protective order for good cause shown to prevent a "party or person from annoyance, embarrassment, oppression or undue burden or expense...."  The Court has "broad discretion to tailor discovery narrowly" to meet the needs of each case. Crawford-El v. Britton, 523 U.S. 574, 598 (1998).  This rule of proportionality "is intended to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry." Leksi, Inc. v. Federal Ins. Co., 129 F.R.D. 99, 105 (D.N.J. 1989) (quoting Rule 26 advisory committee note) (internal quotations omitted); see also Public Service Enterprise Group, Inc. v. Philadelphia Elec. Co., 130 F.R.D. 543, 551 (D.N.J. 1990) (employing the rule of

proportionality to exclude "marginally relevant evidence" from the scope of discovery); Bowers v. N.C.A.A., C.A. No. 97-2600 (JBS), 2008 WL 1757929, at *6 (D.N.J. Feb. 27, 2008)(exercising discretion to bar "marginally relevant evidence").

Plaintiffs rely heavily on Craig v. Rite Aid Corp., C.A. No.4:08-cv-2317, 2011 WL 9686065 (M.D. Pa. Feb. 7, 2011), a collective action with at least 1,073 opt-in plaintiffs. In that case the court authorized "representative discovery," limiting defendants to fifty randomly selected depositions and fifty opt-ins to respond to written discovery. The Court reasoned that individualized discovery would "lead to an expensive, inefficient process that would unnecessarily delay and frustrate the process in [the] action." Id. at *5.[3] See also Brief at 5 n.1 (collecting cases). In contrast, defendants cite to cases permitting extensive individualized discovery. See Evans v. Lowe's Home Centers, Inc., No. 3:03 CV 0438, 2005 WL 2100708, at *1 (M.D. Pa. Aug. 29, 2005)(noting prior court approval of written discovery directed to all 508 opt-in plaintiffs); Coldiron v. Pizza Hut, Inc., No. CV03-05865TJHMCX, 2004 WL 2601180 (C.D. Cal. Oct. 25, 2004)(permitting individualized discovery to all 306 opt-in plaintiffs). See also Opposition at 6-7 (collecting cases). It is not surprising that

---

[3]The Court emphasized that "the parties may return to the Court if they believe that additional discovery is warranted after examining what has been learned through [the] initial representative process." Id.

7

each side cites cases supporting its position. The scope and manner of permissible FLSA discovery is not an exact science and is committed to the sound discretion of the district court. See In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982)("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court."). In particular, Magistrate Judges have wide discretion to manage their docket and control discovery. Gerald Chamales Corp. v. Oki Data Americas, Inc., 247 F.R.D. 453, 454 (D.N.J. 2007).

Exercising its wide discretion, the Court elects to take a middle approach to what it deems to be plaintiffs' narrow proposal and defendants' overbroad proposal. Given the extensive claims in the case, defendants must have an opportunity to conduct a meaningful amount of discovery. There is no getting around the fact that defendants' discovery will be extensive. After all plaintiffs conditionally certified a nationwide class of 572 Assistant Store Managers located around the United States. Plaintiffs can hardly be heard to complain about the cost, burden and difficulties associated with defendants' discovery when they chose to pursue an extensive class. Plaintiffs knew "what they were in for" when they filed the case.

Nevertheless, although discovery in the case will be "extensive," it is not limitless. Not only would limitless discovery endlessly delay the case, but it would abrogate the

Court's role to "secure the just, speedy, and inexpensive determination" of the case. Fed. R. Civ. P. 1. There comes a point where the marginal returns on discovery do not outweigh the concomitant burden, expense, and bother. The Court's role is to try and find the right balance. See Fed. R. Civ. P. 26(b)(2)(C)(i) and (iii).

Addressing the number of depositions first, the Court rules that defendants may depose the original plaintiff, Steven Goodman, and the first four opt-ins. The Court characterizes these individuals as the lead plaintiffs. As to how many additional depositions to permit, there is no "magic number" or percentage. The Court finds it is reasonable to grant defendants leave to depose an additional thirty opt-in plaintiffs. The Court denies plaintiffs' request that the parties be Ordered to select the deponents "randomly." While in concept this is a good idea, and the Court would be delighted if the parties consent, the Court does not want to intrude on defendants' defense strategy and work-product. The Court does not believe it is appropriate to dictate to defendants who they must depose. Just as defendants have the right to sequence discovery as they deem appropriate (see Fed. R. Civ. P. 26(d)(2)(A)), absent extenuating circumstances that do not exist here, defendants also have the right to depose who they want. Defendants raise a legitimate concern that if their depositions are limited then plaintiffs who were not deposed may testify at trial.

To address this event the Court will Order that the defendants have the right to depose any plaintiff who will testify at trial, even if the deposition has to occur after the fact discovery deadline expires. In a future Order the Court will designate a date certain before trial when plaintiffs must identify which plaintiffs will testify. The depositions of these trial witnesses shall last no more than seven hours.

As to the length of the proposed depositions, the Court agrees with plaintiffs that a full seven hours is not needed for everyone. Certainly after the first few depositions defendants will have developed their "script" and can focus on the most germane questioning to determine if the workers in the class are "similarly situated." As noted, defendants have been granted leave to take a total of thirty-five depositions. Defendants shall be limited to ten seven-hour depositions. The remaining depositions shall be limited to three and one-half hours.[4] Consistent with the Court's reluctance to impinge on defendants' defense strategy, defendants shall choose who to depose for seven hours. However, the election shall be made in defendants' notices of deposition so plaintiffs have sufficient advance notice for scheduling purposes. In addition, to the extent not already done, defendants will be directed to produce reasonably in advance of each plaintiff's deposition his/her personnel file, employment records, time

---

[4]The depositions taken to date are included in these totals.

10

records, salary information, etc.

Defendants' request to serve written discovery on all 572 plaintiffs is denied.  Defendants do not need all these answers to fully protect their interests.  Indeed, much of the key factual information defendants need from each plaintiff, such as their dates of employment, hours worked, supervisors and salary, is likely already in their possession and control.  Obtaining hundreds of "boiler plate" answers from the plaintiffs is not likely to "advance the ball."  In addition, as noted in Stillman v. Staples, Inc., C.A. No. 07-849 (KSH), 2009 WL 1437817, at *18 (D.N.J. May 15, 2009), "[u]nder the law of this Circuit, plaintiffs need not present testimony of every member of the collective action to prove their case and recover damages."  The Court  will Order that all plaintiffs who are deposed (35) must answer defendants' written discovery.  Defendants may serve written discovery on an additional twenty-five plaintiffs that it selects.  Thus, a total of sixty plaintiffs, or approximately 10% of the class, will answer defendants' written discovery.  The Court's best judgment is that this will result in representative answers across the entire class.

In order to short circuit the written discovery process, only Court approved interrogatories, documents requests and requests for admissions may be served.  Experience has demonstrated that the discovery process is streamlined if the parties' objections to written discovery are resolved before and not after the discovery

is served.  In the normal course of events defendants serve their written discovery, the client is then served, and then responses are served with multiple objections.  Then the objections must be resolved, and after that occurs the discovery goes back to the client for more answers.  The Court wants to short-circuit the process of serving meaningful answers.  The parties will be directed to meet and confer about the proposed written discovery defendants already served.  To the extent the parties do not resolve their disputes after a good faith effort, the disputes shall be submitted to the Court for resolution.  After the final set of written discovery is approved by the Court, no objections shall be permitted.  In other words, the final set of written discovery must be answered with no objections.

<u>Conclusion</u>

Accordingly, for all the foregoing reasons, it is hereby ORDERED this 15th day of August, 2013, that plaintiffs' Motion for Protective Order is GRANTED in part and DENIED in part; and it is further

ORDERED that defendants' request for leave to depose fifty plaintiffs is DENIED.  Defendants are granted leave to take the depositions of the original named plaintiff (Steven Goodman) and the four plaintiffs who filed opt-ins before the case was conditionally certified on November 20, 2012 (Donna Wilson, Edwin Murillo, Sharon Layne and Wanda West); and it is further

ORDERED that defendants are granted leave to take an additional thirty depositions of other opt-in plaintiffs. Leave is granted to take ten seven-hour depositions. The remaining depositions (25) shall be limited to three and one-half hours. When defendants notice the depositions they shall identify whether a deposition is designated as a seven or three and one-half hour deposition; and it is further

ORDERED that plaintiffs' request that their depositions be "randomly" selected is DENIED. Defendants may select the plaintiffs it wants to depose in its sole discretion; and it is further

ORDERED that plaintiffs and defendants shall meet and confer regarding the interrogatories, requests for documents and requests for admissions to be served. By no later than September 13, 2013, plaintiffs shall serve a letter brief identifying their objections to defendants' written discovery. Defendants shall respond by September 23, 2013. Thereafter, the objections will be resolved and a set of Court approved interrogatories, document requests and requests for admissions will be approved. Defendants shall only serve Court approved written discovery. No objections shall be included in the answers to be served; and it is further

ORDERED that to the extent not already done plaintiffs shall serve defendants with their written discovery and Fed. R. Civ. P. 30(b)(6) deposition notices. The parties shall thereafter meet and

13

confer regarding any discovery disputes.   By no later than September 13, 2013, defendants shall serve a letter brief identifying their objections to plaintiffs' discovery. Plaintiffs shall respond by September 23, 2013; and it is further

ORDERED that defendants' request to serve written discovery on all plaintiffs is DENIED.   All plaintiffs that are deposed shall answer the Court approved interrogatories, requests for documents and requests for admissions.  Defendants may serve the same written discovery on an additional twenty-five plaintiffs that it selects; and it is further

ORDERED that defendants shall have the right to depose any plaintiff who will testify at trial, even it that identification occurs after the fact discovery deadlines expires.   The witness shall also serve answers to the Court approved interrogatories, requests for documents and requests for admissions reasonably in advance of the scheduled deposition; and it is further

ORDERED that by agreement of the parties, plaintiffs' depositions shall be taken in a location reasonably convenient to the deponents; and it is further

ORDERED that this Order is entered without prejudice to defendants' right to apply to the Court for leave to take additional discovery from plaintiffs upon presentation of good cause; and it is further

ORDERED that defendants shall produce reasonably in advance of

14

each plaintiff's deposition his/her personnel file, employment records, time records, salary information, etc.; and it is further

ORDERED that an in-person conference will be held in Courtroom 3C on <u>September 30, 2013 at 9:30 a.m.</u>, to address all outstanding discovery disputes; and it is further

ORDERED that as to ESI discovery disputes, plaintiffs shall file a motion to compel discovery by August 30, 2013.  The parties may agree upon a briefing schedule so long as all briefs are served by September 26, 2013. Plaintiffs are granted leave to serve a reply brief.  The motion is returnable on <u>September 30, 2013 at 9:30 a.m.</u>

                                    s/Joel Schneider
                                    JOEL SCHNEIDER
                                    United States Magistrate Judge