## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------------------X
STEVEN GOODMAN, Individually and
on Behalf of All Other Persons Similarly
Situated,

                Plaintiff,

      -against-

BURLINGTON COAT FACTORY:
WAREHOUSE CORPORATION,
BURLINGTON COAT FACTORY:
INVESTMENT HOLDINGS, INC., and
BURLINGTON COAT FACTORY:
HOLDINGS, INC.,

              Defendants.

:     Civil Action No.: 1:11-cv-04395-JHR-JS

-------------------------------------------------------X
BARBARA KAWA, THERESA MASSEY
and DANIELLE SOLECKI, Individually
and on Behalf of All Other Persons
Similarly Situated,

              Plaintiffs,

      -against-

BURLINGTON STORES, INC.,
BURLINGTON COAT FACTORY:
WAREHOUSE CORPORATION,
BURLINGTON COAT FACTORY:
INVESTMENT HOLDINGS, INC., and
BURLINGTON COAT FACTORY
HOLDINGS, LLC f/k/a BURLINGTON
COAT FACTORY HOLDINGS, INC.,

              Defendants.

:     Civil Action No.: 1:14-cv-2787-JHR-JS

-------------------------------------------------------X

**PLEASE TAKE NOTICE THAT** Plaintiffs Steven Goodman, Barbara Kawa, Theresa

Massey, and Danielle Solecki (collectively "Plaintiffs"), by and through their counsel, will move this

Court, before the Honorable Joel Schneider, on December 11, 2020 at 2:00 p.m., in the United

States District Court for the District of New Jersey, Newark Vicinage, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Room 4015 Newark, New Jersey 07101 or through such electronic medium as the Court may permit, and by consent agreement for all the parties, for an order, pursuant to Federal Rules of Civil Procedure 23(e), 23(h), and 54(d)(2), providing the following relief:  (1) final approval of the proposed settlement of this action, including the final certification of the state law settlement class and approval of the settlement as adequate, fair and reasonable as to the Fair Labor Standards Act collective and the state law Settlement Class; (2) approval to pay the settlement administrator, JND Class Action Administration, LLC, in an amount up to but not more than $35,000; (3) an award of plaintiffs' attorneys' fees and costs, in the amounts of $6,537,966.67 (fees) and $348,000 (costs and expenses); and (4) service payments to each named plaintiff in the amount of $10,000.   A proposed form of final approval order and judgment was previously agreed-upon and part of the parties' Settlement Agreement and a copy is attached hereto as Exhibit A.

In support thereof, Plaintiffs rely on the accompanying Memorandum in Support of Plaintiffs' Unopposed Motion for Final Approval of Class And Collective Action Settlement And in Support of Award of Attorneys' Fees And Costs, Incentive Awards to Named Plaintiffs, And Payment of The Settlement Administrator and the accompanying Declaration of Seth R. Lesser, as well as the exhibits thereto, and all matters previously had in these cases.

Defendants Burlington Coat Factory Warehouse Corporation, Burlington Coat Factory Investment Holdings, Inc., Burlington Coat Factory Holdings, LLC f/k/a Burlington Coat Factory Holdings, Inc., and Burlington Stores, Inc. agree to, and do not oppose this motion.

Dated:  November 20, 2020          Respectfully submitted,
Rye Brook, New York

                                                    By: */s/ Seth R. Lesser*
                                                     Seth R. Lesser

Jeffrey A. Klafter
Christopher Timmel
**KLAFTER OLSEN & LESSER LLP**
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200
www.klafterolsen.com

Michael Leh
Neel D. Bhuta
**LOCKS LAW FIRM, LLC**
801 N. Kings Highway
Cherry Hill, New Jersey 08034
Telephone: (856) 663-8200
www.lockslaw.com

Erik Kahn
Michael A. Galpern
Zachary Green
**JAVERBAUM WURGAF HICKS KAHN WIKSTROM & SININS, P.C.**
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, New Jersey 08043
Telephone: (856) 596-4100
www.javerbaumwurgaft.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on November 20, 2020, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which sends notification of such filing to all counsel of record.

<u>/s/ Seth R. Lesser</u>
Seth R. Lesser

*One of the Attorneys for Plaintiffs*

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------X

STEVEN GOODMAN, Individually and          :
on Behalf of All Other Persons Similarly   :          Civil Action No.: 1:11-cv-04395-JHR-JS
Situated,                                  :
                                           :
            Plaintiff,                     :
                                           :
        -against-                          :
                                           :
BURLINGTON COAT FACTORY                    :
WAREHOUSE CORPORATION,                     :
BURLINGTON COAT FACTORY                    :
INVESTMENT HOLDINGS, INC., and             :
BURLINGTON COAT FACTORY                    :
HOLDINGS, INC.,                            :
                                           :
            Defendants.         :
-------------------------------------------------------X

BARBARA KAWA, THERESA MASSEY :
and DANIELLE SOLECKI, Individually  :
and on Behalf of All Other Persons  :          Civil Action No.: 1:14-cv-2787-JHR-JS
Similarly Situated,                 :
                                    :
            Plaintiffs,             :
                                    :
        -against-                   :
                                    :
BURLINGTON STORES, INC.,            :
BURLINGTON COAT FACTORY             :
WAREHOUSE CORPORATION,              :
BURLINGTON COAT FACTORY             :
INVESTMENT HOLDINGS, INC., and      :
BURLINGTON COAT FACTORY             :
HOLDINGS, LLC f/k/a BURLINGTON      :
COAT FACTORY HOLDINGS, INC.,        :
                                    :
            Defendants.         :
-------------------------------------------------------X

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

This matter comes before the Court on Plaintiffs' Motion for Final Approval of the

Proposed Settlement of the above captioned actions (the "Motion for Final Approval").  The

parties have duly consented, pursuant to Fed. R. Civ. Pro 73, to this Court's authority to conduct all proceedings concerning approval of the proposed Settlement set forth in the Parties' Settlement Agreement (the "Settlement Agreement"), attached as Exhibit A to the Declaration of Seth R. Lesser ("Lesser Dec.") filed herewith. After review and consideration of the Settlement Agreement, the papers in support of the Motion for Final Approval, including the Lesser Dec. and all of its accompanying exhibits, it is hereby ordered as follows:

1.      The Court has jurisdiction over the subject matter of the above-captioned actions (the "Actions"), all members of the Collective, and members of the Settlement Class [except those who have timely and validly opted-out of the Settlement as identified below], and Defendants pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

2.      All defined terms in the Settlement Agreement shall have the same meaning in this Final Approval Order and Judgment.

3.      In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the Collective and Settlement Class Members have been given proper and adequate notice of the Settlement and the Fairness Hearing, and, as evidenced by the Declaration of Stephen L. Donaldson ("Donaldson Declaration") such notice was carried out in accordance with the Order Approving Settlement Notice and the Settlement Agreement.  In addition, as evidenced by the Donaldson Declaration, notice has been provided to appropriate Federal and State officials as required by the Class Action Fairness Act, 28 U.S.C. § 1715,

4.      The Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Order Approving Settlement Notice (a) were appropriate and reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (b) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law.

5.       The Court approves the proposed Settlement of the Actions.  The Court finds, for the reasons set forth in Plaintiffs' Memorandum In Support of Final Approval insofar as it would resolve the *Kawa* Action, it meets all of the requirements of Fed. R. Civ. Pro. 23(e)(2).

6.      The Settlement was negotiated with the assistance of an experienced mediator, at arm's-length, by experienced counsel who were fully informed of the facts and circumstances of the Actions and of the strengths and weaknesses of their respective positions.  The Settlement was reached after the parties had completed extensive discovery and investigation, conducted legal research, and exchanged written discovery, conducted multiple depositions, and reviewed hundreds of thousands of pages worth of documents.  Counsel for both sides were well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law.  The Settlement is therefore fair, reasonable and adequate.

7.      The Court further finds, for the reasons set forth in Plaintiffs' Memorandum In Support of Final Approval, that the proposed Settlement of the FLSA claims asserted by Collective Members in the *Goodman* Action is a settlement of a bona-fide dispute, is a fair and reasonable compromise of the FLSA claims asserted that is in the best interests of the Collective Members and comports with the factors set forth in *Girsh v. Jepsen*, 521 F.2d 153, 157 (3d Cir. 1975).

8.      The Court finds that for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the state law claims asserted in the *Kawa* Action.  All the prerequisites for class certification under Rule 23 are present.  The Settlement Class Members are ascertainable and too numerous to be joined.  For settlement purposes only, questions of law and fact common to all Settlement Class Members predominate over individual issues and should be determined in one proceeding with respect to all of the Settlement Class Members. The *Kawa* Named Plaintiffs' claims are typical of those of the Settlement Class for settlement purposes.  The *Kawa* Named Plaintiffs and Class Counsel meet the adequacy requirements of Fed. R. Civ. P. 23(a)(4). For settlement purposes, the class action mechanism is superior to alternative means for adjudicating and resolving the state law claims asserted in the *Kawa* Action.

3

9.    The Court finally certifies the following Settlement Class for purposes of this Settlement only:

    a.  Individuals who worked for Burlington in California as an Assistant Store Manager at any time between May 1, 2010 through August 24, 2020;
    b.  Individuals who worked for Burlington in Illinois as an Assistant Store Manager at any time between May 1, 2011 through August 24, 2020; and
    c.  Individuals who worked for Burlington in New York as an Assistant Store Manager at any time between May 1, 2008 through August 24, 2020.

10.   The Court also appoints the *Kawa* Named Plaintiffs (Barbara Kawa, Theresa Massey, and Danielle Solecki), as Representatives of the Settlement Class ("Class Plaintiffs") as they meet the requirements of Fed. R. Civ. Pro. 23(a)(4) for the purposes of settlement and Klafter Olsen & Lesser LLP, Locks Law Firm LLC, and Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C. as Class Counsel for the Settlement Class as they meet the requirements of Fed. R. Civ. Pro. 23(g) for the purposes of settlement.

11.   Class Counsel, are hereby awarded attorneys' fees in the amount of $_____, which the Court finds to be fair and reasonable, and $_____ in reimbursement of reasonable expenses incurred in prosecuting the Actions.  The attorneys' fees and expenses so awarded shall be paid from the Total Maximum Settlement Amount pursuant to the terms of the Settlement Agreement and these sums are to be paid to Klafter Olsen & Lesser LLP to be distributed to the other Class Counsel.

12.   The Court finds that the Named Plaintiffs have conferred a substantial benefit on the Collective and Settlement Class Members by initiating the *Goodman* or *Kawa* Action and assisting in the prosecution of the claims asserted in the Actions and hereby directs payment as provided under the terms of the parties' Settlement Agreement from the Total Maximum Settlement Amount to Named Plaintiffs Steven Goodman, Barbara Kawa, Theresa Massey, and Danielle Solecki of $_____ to each, as Incentive Payments.

13.   The Court finds that the Settlement Administrator's fees and expenses are reasonable and approves the payment of $_____ to the Settlement Administrator from the Total Maximum Settlement Amount in accordance with the terms of the Settlement Agreement.

4

14.     The certification of the Settlement Class is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of Defendants that these claims are appropriate for class treatment pursuant to Federal Rule of Civil Procedure 23, or any other similar class rule.  Nor shall this Final Approval Order and Judgment be construed, used, offered, or admitted into evidence as an admission or concession by Defendants of the validity of any claim or any actual or potential liability or fault.

15.     Final Judgment is entered in the above-captioned cases in accordance with this Final Approval Order and the Settlement Agreement.

16.     Following the Effective Date as provided for in the Settlement Agreement and receipt of the Total Maximum Settlement Amount from Defendants as provided for in the Settlement Agreement, the Settlement Administrator shall effectuate distribution of the settlement funds to the Collective and Settlement Class Members in accordance with the terms of the Settlement Agreement.

17.     Upon the Effective Date provided for in the Settlement Agreement, all Settlement Class Members other than those who have timely and validly excluded themselves from the Settlement (who are identified in Exhibit A hereto) will be deemed to have released the claims included in the Settlement Class Member Release as set forth in Section 3(a) of the Settlement Agreement, and which is incorporated herein.

18.     The *Kawa* Action is hereby dismissed with prejudice.

19.     Upon the Effective Date provided for in the Settlement Agreement, all Collective Members will be deemed to have released the claims included in the Collective Member Release as set forth in Section 3(b) of the Settlement Agreement, and which is incorporated herein.

20.     Upon the Effective Date provided for in the Settlement Agreement, all Named Plaintiffs will be deemed to have released the claims as set forth in Section 3(c) and 3(d) of the Settlement Agreement, and which is incorporated herein.

21.     The *Goodman* Action is hereby dismissed with prejudice.

22.     The Court shall retain exclusive and continuing jurisdiction over the Actions, the Collective Members, the Settlement Class Members (who have not timely and validly opted-out of the Settlement), and Defendants, to interpret and enforce the terms, conditions, and obligations of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: _____

_____
Hon. Joel Schneider
UNITED STATES MAGISTRATE JUDGE

6