# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") sets forth the terms respecting the settlement of claims (the "Settlement") by and between Steven Goodman, Barbara Kawa, Theresa Massey, and Danielle Solecki, the named plaintiffs in the following cases ("Named Plaintiffs"): *Steven Goodman v. Burlington Coat Factory Warehouse Corporation*, *et al*. 11-CV-4395-cv-00644 ("*Goodman*"), *Barbara Kawa, et al. v. Burlington Stores, Inc., et al.* 14-CV-02787 ("*Kawa*") (together, the "Lawsuits"), both of which cases are pending in the United States District Court for the District of New Jersey (the "Court"), all Collective Members (as defined below), and the class of individuals the <u>Kawa</u> Plaintiffs seek to represent in the Lawsuits, and Defendants Burlington Coat Factory Warehouse Corporation,  Burlington Coat Factory Investment Holdings, Inc., Burlington Coat Factory Holdings, LLC f/k/a/Burlington Coat Factory Holdings, Inc., Burlington Stores, Inc. (together "Burlington") (all collectively referred to as the "Parties").

## RECITALS

A.      On July 29, 2011, former Assistant Store Manager Steven Goodman filed a proposed collective action complaint in the District of New Jersey alleging that Burlington had misclassified Operations Managers, Customer Service Logistics Managers, and Merchandise Managers (collectively "ASMs") as exempt under the Fair Labor Standards Act.

B.      Following upon Burlington's answering the complaint and discovery, on November 20, 2012, the Court granted a motion for conditional certification of the collective action and directed notice be sent to members of the conditionally certified class.  Approximately 560 ASMs opted into the *Goodman* collective action.  Thereupon followed extensive further discovery, including 28 depositions of Plaintiffs and opt-ins, 7 corporate witness depositions, multiple sets of written discovery, production of over half a million pages of documents by Burlington and extensive expert discovery.

C.      After opposing motions on the issue of final certification of *Goodman*, on November 20, 2019, the Court granted final certification of the *Goodman* collective action.

D.      On May 1, 2014, the same Plaintiffs' counsel as in *Goodman* filed the *Kawa* case, a putative class action lawsuit alleging misclassification claims on behalf of ASMs under California, Illinois and New York state law in the Court.  Following a motion to dismiss or stay by Burlington, on March 20, 2015, the Court stayed the *Kawa* action.  On May 8, 2020, the *Kawa* Action was reassigned from Magistrate Judge Williams to Magistrate Judge Schneider, but the case has remained stayed.

E.      Burlington has denied and continues to deny all of the allegations in the Lawsuits, any and all wrongdoing, and that it is liable or owes any damages with respect to any of the causes of action in the Lawsuits.

F.      Following the Court's final certification of the *Goodman* collective action, the Parties agreed to mediate the two cases.  After exchanging additional information about the cases and each sides' views of the strengths and weaknesses of the Lawsuits, their respective

Doc ID: 7869027b064e61b70abd6e2fd9469e7c7f370d62

likelihoods of prevailing, and the likely procedural paths each might take, the Parties engaged in a two-day mediation on June 2 and June 3, 2020 with mediator David Geronemus of JAMs, which resulted, late on the evening of June 3, 2020, with the reaching of a good faith settlement and the agreement upon its material terms in a memorandum of understanding signed by counsel that day.

## FURTHER DEFINITIONS

Class Counsel.  Counsel for the Collective and Settlement Class ("Class Counsel") means Klafter Olsen & Lesser LLP, Locks Law Firm LLC and Javerbaum Wurgaft Hicks Wikstrom & Sinis, P.C.

Collective.  "Collective" and "Collective Members" means all individuals who previously filed with the Court consents to join *Goodman* and who, as of the date of entry of the Order Approving Settlement Notice, have not withdrawn their consent or had their claims in the *Goodman* action dismissed.

Effective Date.  The "Effective Date" shall be either the date (A) 35 calendar days after the entry of an order by the Court granting final approval of this Settlement and the entry of judgment, if no request for reconsideration, request for extension to file an appeal or an appeal of said order or judgment is filed within that 35-day period, or (B) if reconsideration is sought, an extension is sought or granted or appeal filed, upon the final disposition of any motion or appeal that has the effect of affirming the Final Approval Order and Judgment in its entirety, including the time for any review of that disposition.

Final Approval Order and Judgment.  The "Final Approval Order and Judgment" are the Court's order granting final approval of the Settlement providing for entry of the Judgment, and releasing the claims as provided for herein, and providing for dismissal with prejudice of all of the Lawsuits pending before it and the Judgment on the same, substantially in the forms attached as Exhibit 1 hereto or as modified by the Court.

Net Settlement Sum. The "Net Settlement Sum" will represent the remainder amount of the Total Maximum Settlement Amount after deduction of the Incentive Payments to the Named Plaintiffs, Attorneys' Fees and Litigation Expenses, the PAGA Payment, and the Administrator Payment.

Order Approving Settlement Notice.  The "Order Approving Settlement Notice" shall be the order providing for approval of the Settlement Notice and setting the Response Deadline, entered pursuant to Named Plaintiffs' Motion for Approval of Settlement Notice, which Named Plaintiffs will request be substantially in the form attached as Exhibit 2 hereto.

PAGA Payment.  The PAGA Payment shall mean the amount the Parties have agreed to allocate to resolve any and all claims under California's Private Attorneys General Act of 2004 ("PAGA"); Cal. Lab. Code §§ 2698, et seq.  $15,000 of the Total Maximum Settlement Amount, as defined hereinafter, shall be allocated to the resolution of PAGA claims of Settlement Class Members who worked as ASMs in California during the relevant time periods. Pursuant to

2

Doc ID: 7869027b064e61b70abd6e2fd9469e7c7f370d62

PAGA, 75% of the PAGA Payment ($11,250) will be paid to the Labor and Workforce Development Agency ("LWDA") and 25% of the PAGA Payment ($3,750) will be paid to eligible Settlement Class Members.

Released Parties.  "Released Parties" means Burlington Coat Factory Warehouse Corporation,  Burlington Coat Factory Investment Holdings, Inc., Burlington Coat Factory Holdings, LLC f/k/a/Burlington Coat Factory Holdings, Inc., Burlington Stores, Inc., Burlington Coat Factory of Texas, Inc., and all of their past, present and future parent(s), divisions, units, branches, subsidiaries, affiliates, related companies, partnerships, joint ventures, predecessors and successors, affiliated organizations, insurers and assigns and all of its and their past, present and future directors, principals, officers, stockholders, owners, members, fiduciaries, trustees, insurers, employees, attorneys, representatives, heirs, assigns, partners, accountants, auditors, consultants, insurers and reinsurers, joint ventures and agents (each in their individual and corporate capacities) collectively.

Response Deadline. The "Response Deadline" means the deadline by which Collective and Settlement Class Members must postmark Notices of Objection to the Settlement Administrator and by which Settlement Class Members must postmark Opt-Out Requests to the Settlement Administrator. The Response Deadline will be 45 calendar days from the initial mailing of the Settlement Notice by the Settlement Administrator, unless the 45th calendar day falls on a Sunday or State holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service is open.

Settlement.  This Settlement ("Settlement") is intended to resolve all wage and hour claims against Burlington and the Released Parties that were or could have been asserted in the Lawsuits.

Settlement Class.  "Settlement Class" and "Settlement Class Members" means members of the putative classes alleged in *Kawa*.  Solely for settlement purposes, the Kawa Plaintiffs will seek certification of California, Illinois, and New York "Settlement Class" pursuant to Federal Rule of Civil Procedure, Rule 23.  The Settlement Class is defined as follows:

a.  Individuals who worked for Burlington in California as an Assistant Store Manager at any time between May 1, 2010 through the date of the approval of the Settlement Notice;
b.  Individuals who worked for Burlington in Illinois as an Assistant Store Manager at any time between May 1, 2011 through the date of the approval of the Settlement Notice;
c.  Individuals who worked for Burlington in New York as an Assistant Store Manager at any time between May 1, 2008 through the date of the approval of the Settlement Notice.

Total Maximum Settlement Amount.  In full and complete settlement of the Lawsuits and as consideration for the Releases and other terms herein, Burlington will pay the total maximum sum of $19,613,900 ("Total Maximum Settlement Amount"), which will satisfy and resolve the claims of all Collective and Settlement Class Members, including payments to Collective and

3

Settlement Class Members; any Incentive Payments to the Named Plaintiffs; the PAGA Payment; the Administrator Payment; and any Attorneys' Fees and Litigation Expenses. This Total Maximum Settlement Amount shall be all-in and non-reversionary, and Burlington will owe no further amounts in settlement of the Lawsuits except for employer side payroll taxes.

## THE SETTLEMENT

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below, the receipt and sufficiency of which is hereby acknowledged, the Parties expressly, knowingly and voluntarily agree as follows:

1. <u>Allocation of Net Settlement Sum.</u> After deduction of the amounts, if any, awarded by the Court for Incentive Payments to the Named Plaintiffs, Attorneys' Fees and Litigation Expenses, the PAGA Payment, and the Administrator Payment, the remaining funds will be paid *pro rata* to each member of the Collective and Settlement Class. The pro-rata share of the Net Settlement Sum for each Collective and Settlement Class Member will be determined based on the number of eligible weeks worked by each Collective and Settlement Class Member as set forth in Burlington's employment data. The individual settlement amount for each Collective and Settlement Class Member ("Settlement Payment") shall be determined as follows:

   a. Total weeks worked by each Collective and Settlement Class Member.
   b. The aggregate number of total weeks worked by all Collective and Settlement Class Members.
   c. The number of total weeks worked for each Collective and Settlement Class Member as a percentage of the total aggregate weeks worked.

Total weeks worked means the number of weeks of employment for each Collective and Settlement Class Member as an Assistant Store Manager during the relevant time period, exclusive of leaves of absence (if any). The number of Total weeks worked of each Collective and Settlement Class Member and amount of their Settlement Payment will be included in the Notice sent to them. In no event shall a Collective or Settlement Class Member receive a Settlement Payment in an amount of less than $250, which amounts shall be deducted from the Net Settlement Sum prior to determination of the pro rata share to be received by each Collective and Settlement Class Member. Settlement Payments shall be reduced by any required deductions for each Collective and Settlement Class Member, as set forth herein, including employee-side tax withholdings and deductions.

2. <u>Allocation of the PAGA Payment</u>. The portion of the PAGA Payment allocated to Collective and Settlement Class Members who worked as ASMs in California during the relevant time periods ($3,750) will be paid pro rata to each eligible Collective and Settlement Class Member who worked as ASMs in California during the relevant time period based on the number of eligible work weeks worked in California.

3. <u>Releases.</u>

   a. Upon the Effective Date, all Settlement Class Members who have not timely and

4

validly opted out, including their heirs, agents, representatives, successors, assigns and estates, shall be deemed to have fully, finally and forever, irrevocably and unconditionally released, remised, and discharged the Released Parties from any and all suits, actions, causes of action, claims, obligations, rights, liabilities, penalties, or demands, whether known or unknown, that were or could have been asserted (whether in tort, contract, or otherwise), for violation of local, state, and federal law arising out of, or relating to claims that Burlington improperly classified the Settlement Class Members as exempt ASMs, including but not limited to the claims alleged in the operative *Kawa* complaint though the date of the approval of the Settlement Notice ("Settlement Class Member Release");

b.  Upon the Effective Date, all Collective Members (which includes some Settlement Class Members), including their heirs, agents, representatives, successors, assigns and estates, shall be deemed to have fully, finally and forever, irrevocably and unconditionally released, remised, and discharged the Released Parties from any and all suits, actions, causes of action, claims, obligations, rights, liabilities, penalties, or demands, whether known or unknown, that were or could have been asserted (whether in tort, contract, or otherwise) for violation of local, state, and federal law arising out of, or relating to claims that Burlington improperly classified the Collective Members as exempt ASMs, including but not limited to claims that Burlington failed to provide all overtime wages due through date of the approval of the Settlement Notice ("Collective Member Release");

c.  In addition to releasing the above claims, upon the Effective Date, the Named Plaintiffs and their heirs, agents, representatives, successors, assigns and estates fully, finally and forever, irrevocably and unconditionally release, remise, and discharge the Released Parties from any and all known and unknown claims, suits, actions, promises, causes of action, obligations, rights, liabilities, penalties, demands or similar rights of any type that they may presently have against the Released Parties, except as provided in Section 3(d), below.  This release by Named Plaintiffs includes all federal, state or local statutory claims, and federal and state common law claims (including but not limited to those for contract, tort and equity), including, without limitation, the Americans with Disabilities Act, Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 1983, the Fair Labor Standards Act, the Employee Retirement Income Security  Act of 1974, the WARN Act, the California Private Attorneys' General Act, and any similar state or local law arising before the Effective Date.

This general release includes but is not limited to any claims arising under the laws of the States of California, Illinois, and New York, and/or the United States regulating or prohibiting alleged civil rights violations or employment discrimination or wage and hour violations. Named Plaintiffs acknowledge the language of Section 1542 of the California Civil Code, which provides:

Doc ID: 7869027b064e61b70abd6e2fd9469e7c7f370d62

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
THAT THE CREDITOR OR RELEASING PARTY DOES NOT
KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
THE TIME OF EXECUTING THE RELEASE AND THAT, IF
KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY
AFFFECTED HIS OR HER SETTLEMENT WITH THE
DEBTOR OR RELEASING PARTY.

Named Plaintiffs expressly waive the protection of Section 1542 (and analogous state provisions). Named Plaintiffs understand and agree that claims or facts in addition to those which are now known or believed by them to exist may hereafter be discovered. It is Named Plaintiffs' intention to settle and fully release all of the claims they now have against the Released Parties, whether known or unknown, suspected or unsuspected. Except for Named Plaintiff Theresa Massey, Named Plaintiffs further agree never to apply for or accept employment or work with Released Parties or any of their successor entities.

d.  The Named Plaintiffs understand and agree that this release does not release any claims that the law does not permit them to release.  They further understand and agree that they are not releasing any claim that relates to: (i) their rights to enforce this Agreement; (ii) their rights, if any, to claim government-provided unemployment benefits; or (iii) any rights or claims which may arise or accrue after they sign this Agreement.

4.  <u>Incentive Payments to the Named Plaintiffs.</u>  Subject to Court approval, the Named Plaintiffs shall each receive, and Burlington shall not oppose, awards ("Incentive Payments") of $10,000.00 each in recognition of their effort and work in prosecuting the Lawsuits on behalf of Collective and Settlement Class Members.  Incentive Payments shall be allocated 100% as non-wage income, for which a Form 1099 shall be issued to the Named Plaintiffs.  The Named Plaintiffs shall be solely responsible for any and all tax liabilities, including any penalties and interest, arising from the Incentive Payments. Should the Court award a lesser sum or nothing, the residual shall be included in the Net Settlement Sum.

5.  <u>Attorneys' Fees and Litigation Expenses.</u>  Class Counsel shall be permitted to seek, and Burlington will not oppose up to 33 1/3% of the Total Maximum Settlement Amount as attorneys' fees, plus an additional amount of no more than $348,000.00 as reimbursement for out-of-pocket reasonable litigation expenses and costs.   The Attorneys' Fees and Litigation Expenses awarded by the Court shall be the full, final and complete payment of all attorneys' fees and expenses by Burlington in connection with the Lawsuits, including any attorneys' fees or expenses related to the administration of this Settlement, obtaining approval of the Settlement Notice and final approval, and responding to any objections or appeals.  Except as provided herein, the Parties shall bear their own fees, costs and expenses related to each and all of the Lawsuits and will not seek reimbursement from any other party.  Should the Court award a lesser sum or nothing, the residual shall be included in the Net Settlement Sum.

6

Doc ID: 7869027b064e61b70abd6e2fd9469e7c7f370d62

6.     <u>Notice</u>.  Notice of the Settlement shall be provided to the Collective and Settlement Class Members, as approved by the Court.  The Named Plaintiffs shall propose to the Court the form of notice, to be agreed on by the Parties, and substantially in the form contained in Exhibit 3 hereto.

7.     <u>Settlement Administrator</u>.  JND Class Action Administration, LLC shall serve as the Settlement Administrator in connection with the Settlement.

    a. The Settlement Administrator shall serve as the administrator of the Settlement and perform the services described in this Agreement, including, without limitation:

        i. Receive from the Parties and update and maintain as necessary, a mailing list, prepare, mail, and email (to any emails for which the Parties have this information) the Notice, and carry out the follow-up methods of communication set forth herein to effectuate notice;

        ii. Receive Opt-Out Requests and objections;

        iii. Establish and maintain a toll-free hotline staffed by interactive voice recording to respond to inquiries by Collective and Settlement Class Members regarding the Settlement;

        iv. Establish and administer a website for links to the Settlement Agreement and Notice;

        v. Calculate the Settlement Payments to Collective and Settlement Class Members including calculating applicable payroll taxes and withholdings, employer payroll taxes, and, upon entry of the Final Approval Order and Judgment, issue and mail settlement checks to the Collective Members and those Settlement Class Members who do not validly opt-out of the Settlement, and handle the payment of employee and employer taxes with appropriate taxing authorities.

        vi. Pay, from the Total Maximum Settlement Amount, such Attorneys' Fees and Litigation Expenses, Incentive Payments, PAGA Payment to the LWDA and Administrator Payment as the Court may approve;

        vii. Resolve any disputes submitted by Collective and Settlement Class Members concerning the number of Total Work Weeks or amount of their Settlement Payment;

        viii. Pay the LWDA's share of the PAGA Payment in satisfaction of the PAGA claims of all Collective and Settlement Class Members who worked as ASMs in California;

7

Doc ID: 7869027b064e61b70abd6e2fd9469e7c7f370d62

ix. Keep the Parties' counsel apprised of the status of all mailings of Notices, Opt-Out Requests, and objections, mailing of Settlement Payments, and any returned mailings, and provide weekly reports relating to the same; and

x. Perform any other obligations established in this Agreement or subsequently agreed to by the Parties.

b. All disputes relating to the Settlement Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Agreement, until all payments and obligations contemplated by this Agreement have been fully carried out.

c. The costs and expenses of Settlement Administration (the "Administrator Payment") is estimated to be $35,000. The estimated Administrator Payment shall be approved by the Court and shall be paid from the Total Maximum Settlement Amount.

8. <u>Deadlines and Related Provisions.</u>

a. Class Counsel will prepare and file a Motion for Notice of Settlement within 14 calendar days after all Parties execute this agreement, or as modified by the Court and obtain a mutually agreeable hearing date for the same. Class Counsel shall provide Burlington's counsel with a draft of the Motion for Notice of Settlement at least five business days prior to filing the motion.

b. Within 30 calendar days after entry of the order approving the Settlement Notice, Burlington shall provide to the Settlement Administrator an Excel file of the names, last known mailing addresses, email addresses (if available), last known telephone numbers (if available), Social Security Numbers, number of Work Weeks of all Collective and Settlement Class Members, and number of Work Weeks worked by Collective and Settlement Class Members as ASMs in California. Within 5 calendar days thereafter, Class Counsel shall provide to the Settlement Administrator the last known email addresses they may have for any Collective or Settlement Class Member. Class Counsel agree to keep the data provided to the Settlement Administrator confidential and will not use the data for any purpose other than effectuating the Settlement.

c. Upon the receipt of the files described in Section 8(b), the Settlement Administrator shall attempt to confirm the accuracy and, if necessary, update the addresses of the Collective and Settlement Class Members through the United States Post Office's National Change of Address ("NCOA") database.

d. Within 15 calendar days of receipt of the files described in Section 8(b), and after attempting to confirm the addresses, the Settlement Administrator shall email to any email addresses provided by the Parties to the Settlement Administrator, and mail by first-class mail, the Notice of Settlement to the Collective and Settlement

8

Doc ID: 7869027b064e61b70abd6e2fd9469e7c7f370d62

Class Members.

e.  At the time of the emailing and mailing of the Notice of Settlement, the Settlement Administrator shall set up the website described in Section 7(a)(iv), and shall set up the toll-free telephone line, with interactive voice recording described in Section 7(a)(iii).

f.  Any Settlement Class Member wishing to be excluded from the Settlement, e.g. opt-out of the Settlement, shall submit, via First Class Mail, postage prepaid, an "Opt-Out Request" to the Settlement Administrator, postmarked by the Response Deadline. The postmark date on the Opt-Out Request will be the exclusive means to determine whether the Opt-Out Request has been timely submitted. Any such Opt-Out Request shall be in writing and state the full name of the individual seeking to be excluded and include his or her current address and signature and request exclusion from the Settlement.  Any Settlement Class Member who requests exclusion from the Settlement will not be entitled to receive a Settlement Payment and will not be bound by the Settlement Agreement and will not have any right to object to or appeal any order related to the Settlement. If a Settlement Class Member both opts-out of and objects to the Settlement, the objection will be deemed invalid. Collective Members may not opt-out of the Settlement. If an individual who is both a Settlement Class Member and a Collective Member submits a valid Opt-Out Request, then that individual will not be bound by the Settlement Class Member Release, but will remain a Collective Member, receive a Settlement Payment, and be bound by the Collective Member Release.

g.  No later than five business days after the Response Deadline, the Settlement Administrator will provide counsel for the Parties with a list of all Settlement Class Members who have submitted Opt-Out Requests as well as its determination whether such requests are timely and valid.

h.  Any Settlement Class Member who does not affirmatively opt-out of the Settlement by submitting a timely and valid Opt-Out Request and all Collective Members will be bound by all of the Settlement's terms, including those pertaining to the applicable Release, as well as by any Judgment that may be entered by the Court if it grants final approval of the Settlement.

i.  Any member of the Collective or Settlement Class wishing to object to the Settlement shall submit an objection postmarked by the Response Deadline.

    i.  To be considered, an objection must be in writing and be sent to the Settlement Administrator via First-Class United States mail, postage prepaid, received or postmarked by the Response Deadline.  The objection must be signed by the Collective or Settlement Class Member and include his or her name, current mailing and email addresses, and phone number, and state all grounds for the objection and all facts supporting the objection. If the objector is represented by counsel, the written objection must state so

9

Doc ID: 7869027b064e61b70abd6e2fd9469e7c7f370d62

and provide the name and address of the counsel.  If the objector intends to appear at the Final Approval hearing by himself or herself or by counsel, the written objection must also so state whether the objector or his or her attorney is making an appearance.

ii.   The Settlement Administrator shall stamp the date received on the original and send copies of each objection to Class Counsel and Burlington's Counsel by email and overnight delivery not later than three business days after receipt thereof.  If not already filed by the objector, Class Counsel shall file the date-stamped originals of objections with the Clerk of Court within three business days of receipt.

iii.   An objector has the right to appear at the Fairness Hearing either in person or through counsel hired by the objector.  An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he/she submits his/her written objections.  An objector may withdraw his/her objections at any time.  Any Settlement Class Member who has submitted an Opt-Out Request (unless they are also a Collective Member) may not submit objections to the Settlement.  Any individual who does not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

iv.   Any written responses to any filed objections must be filed with the Court at the time set by the Court for the filing of Plaintiff's Motion for Final Approval.

j.   To the extent a Collective or Settlement Class Member disputes their number of total work weeks on record, they may produce evidence, such as pay stubs, W-2 forms, or letters from HR, to the Settlement Administrator showing that such information is inaccurate. The Settlement Administrator will decide the dispute. Burlington's records will be presumed correct, but the Settlement Administrator will evaluate the evidence submitted by the Collective or Settlement Class Member and will make the final decision as to the merits of the dispute, which will be communicated to the Collective or Settlement Class Member by a letter to be mailed within 3 business days of the final decision. All disputes must be submitted by the Response Deadline.

k.   Named Plaintiffs shall obtain a hearing date for and file their Motion for Final Approval and for an award of attorneys' fees, costs and Incentive Payments as provided by the Local Rules of the District of New Jersey. Class Counsel shall provide a draft of their Motion for Final Approval to Burlington's Counsel for review at least five business days prior to filing.

l.   Burlington shall pay the Total Maximum Settlement Amount to the Settlement Administrator within 10 business days following the Effective Date.

10

m.   Within 20 calendar days of the date Burlington pays the Total Maximum Settlement Amount, the Settlement Administrator will issue payments to (i) Collective Members and Settlement Class Members who have not validly opted-out of the Settlement, (ii) the LWDA; (iii) Named Plaintiffs; and (iv) Class Counsel. The Settlement Administrator will also issue the Administrator Payment to itself for Court-approved services performed in connection with the Settlement.

n.   The Settlement Administrator shall mail a reminder postcard to all Collective and Settlement Class Members who have not cashed their settlement checks within 30 days of mailing the Settlement Payments.

o.   For any Collective or Settlement Class Members who have not cashed their settlement check after 160 days of mailing, the Settlement Administrator shall again attempt to further confirm the accuracy of their address through the United States Post Office's NCOA database, and, if practicable for the amount of the check a first-stage skip trace, and resend the settlement check to any updated address.

p.   Settlement checks not cashed within 190 days of its issuance will become void. Any funds not disbursed as a result of an uncashed check shall be redistributed to the Settlement Class on a pro rata basis if economically practicable.  If not practicable, any funds not disbursed as a result of an uncashed check shall be tendered by the Settlement Administrator as *cy pres* to Equal Justice Initiative. The Parties all represent that they do not have a significant prior affiliation with the recipient that could create a conflict of interest.

9.   Treatment of Individual Settlement Payments. In light of the claims and theories asserted in the Lawsuits, all individual Settlement Payments will be allocated as follows: 50% will be allocated as wages for which IRS Forms W-2 will be issued to Collective and Settlement Class Members by the Settlement Administrator; and 50% will be allocated as liquidated damages, penalties and interest for which IRS Forms 1099-MISC will be issued to Collective and Settlement Class Members by the Settlement Administrator. Burlington makes no representation as to the tax treatment or legal effect of the payments called for in the Settlement. Named Plaintiffs and Collective and Settlement Class Members are not relying on any statement, representation, or calculation by Burlington or by the Settlement Administrator in this regard. Burlington will be responsible for paying the Settlement Administrator the employer-side portion of the payroll taxes due on the amount allocated to wages.

10.   No Credit Towards Benefit Plans. The Settlement Payments made to Collective and Settlement Class Members under this Settlement, as well as other payments made pursuant to this Settlement, will not be used to calculate any additional benefits under any benefit plans to which any Collective or Settlement Class Member may be eligible, including, but not limited to profit sharing plans, bonus plans, 401(k) plans, stock purchase plans, vacation plans, sick leave plans, PTO plans, and any other benefit plan. Rather, it is the Parties' intention that this Settlement will not affect any rights, contributions, or amounts to which any Collective or

11

Settlement Class Member may be entitled under any benefits plans, all of which are specifically excluded from the Released Claims.

     11.     Entry of Judgment.  In conjunction with their Motion for Final Approval of the Settlement, Named Plaintiffs will request that the Court, among other things, (a) enter Judgment in accordance with this Agreement; (b) approve the Settlement as fair, reasonable and adequate; (c) dismiss the Lawsuits with prejudice, and (d) permanently enjoin all Collective Members and Settlement Class Members who have not validly opted out of the Settlement from pursuing and/or seeking to reopen claims that have been released or dismissed under this Agreement.

     12.     Confidentiality and Non-Disparagement  No party or their counsel shall directly or indirectly engage in any disparagement of any type related to the Lawsuits, or the Parties, or the Settlement.  Neither Named Plaintiffs nor their counsel will issue any press release or initiate communication with the media about the Settlement.  If Class Counsel is contacted by the media, they shall limit any comments to the statement "The matter has been resolved.  Please review the public filings for additional information." Notwithstanding the foregoing, Class Counsel may disclose information that has been made public through a document filed on the District of New Jersey's docket concerning this action on its website.  In addition, nothing herein precludes Class Counsel from otherwise complying with any applicable ethical rules.  Nothing in this paragraph shall prevent Burlington from communicating about the Lawsuits or Settlement as needed for legitimate business purposes.

     13.     Settlement Not Approved.   If, for any reason, the Settlement is not approved, the previously agreed-upon MOU, will be enforceable and admissible in court pursuant to the Federal Rules of Civil Procedure and Federal Rules of Evidence.

     14.     Burlington's Right to Withdraw.  At its option, Burlington can withdraw from or void the Settlement if 3% or more of the Settlement Class Members opt out of the Settlement.

     15.     Privacy of Documents and Information. Named Plaintiffs and Class Counsel agree that they will destroy all confidential documents and confidential information provided to them by Burlington within 60 days of the Effective Date, except for documents that must be saved for malpractice purposes or ethical rules governing attorney conduct. Named Plaintiffs and Class Counsel further agree that none of the documents and information provided to them by Burlington shall be used for any purpose other than prosecution of the Lawsuits or the defense or prosecution of a malpractice action or defense of any state bar complaints.

     16.     No Admission of Liability.  Neither the previously agreed-upon MOU, the Settlement documents, nor the Settlement shall be construed as an admission of liability on the part of Burlington.  Rather, Burlington asserts that its ASMs were always properly classified as exempt from the overtime requirements of the FLSA, state law in Illinois, New York, and California, and any other applicable law.  Burlington further denies any wrongdoing or that any liability or damages are owed to the Named Plaintiffs, the Collective or the Settlement Class and denies that overtime pay of any kind, or any other relief, is owed to Collective or Settlement Class Members.  Burlington enters into this Agreement and Settlement to avoid the risk, expense, and burden of continued litigation.

Doc ID: 7869027b064e61b70abd6e2fd9469e7c7f370d62

17.     No Admission of Propriety of Collective, Class or Representative Treatment.  The MOU, this Agreement, the Settlement documents and the Settlement shall not be construed as an admission by Burlington that any collective or class or representative action is proper for certification either as an FLSA collective action or a Federal Rule of Civil Procedure, Rule 23 class action or a PAGA representative action.  Accordingly, this Settlement Agreement shall not be cited, and is not admissible, in any proceeding as evidence that certification of a collective under the Fair Labor Standards Act or a Rule 23 class or a PAGA representative action is proper.  While Burlington does not oppose the certification of the Settlement Class for settlement purposes, it preserves the arguments that a litigation class would not be manageable and could not be properly certified pursuant to Federal Rule of Civil Procedure, Rule 23 or other applicable law.  If this Settlement is not approved or is otherwise terminated or voided, any certification of a settlement class shall be void and there will be no waiver, estoppel, or preclusive effect given to this Agreement.

18.     Counterparts.  This Settlement Agreement may be executed in one or more counterparts.  All executed counterparts shall be deemed to be one and the same instrument.

19.     Binding Agreement.  This Settlement Agreement shall be binding upon the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of Burlington, the Named Plaintiffs, the Collective and the Settlement Class.  Any failure of a party to enforce any provisions of this Settlement Agreement shall not be a waiver of future performance of those provisions or of any other provisions of the Settlement Agreement.

20.     Construction.  Each party and counsel for each party has reviewed this Settlement Agreement prior to signing the Settlement Agreement.  Therefore, the normal rule of construction that any ambiguity or uncertainty in a writing shall be interpreted against the party drafting the writing shall not apply to any action on this Settlement Agreement.

21.     Governing Law.  This Settlement Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New Jersey, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

22.     Continuing Jurisdiction.  The Court shall retain jurisdiction over the interpretation and implementation of this Settlement Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Settlement Agreement and of the settlement contemplated thereby.

23.     Disputes.  Nothing herein shall bar any party from seeking to enforce any provision in this Settlement Agreement.  Any dispute as to the terms of this Settlement shall be mediated in the first instance by the mediator David Geronemus until the date that the Named Plaintiffs file the Motion for Approval of Settlement Notice.  Thereafter, any disputes shall be resolved by the Court pursuant to Paragraph 22.

13

24.  Amendment or Modification. No amendment, change, or modification to this Settlement Agreement will be valid unless in writing and signed, either by the Parties or their counsel.

25.  Acknowledgment that the Settlement is Fair and Reasonable. The Parties believe this Settlement Agreement is a fair, adequate and reasonable settlement of the Lawsuits and have arrived at this Settlement after arm's-length negotiations and in the context of adversarial litigation, taking into account all relevant factors, present and potential. The Parties further acknowledge that they are each represented by competent counsel and that they have had an opportunity to consult with their counsel regarding the fairness and reasonableness of this Settlement.

26.  Invalidity of Any Provision. Before declaring any provision of this Settlement Agreement invalid, the Court will first attempt to construe the provision as valid to the fullest extent possible consistent with applicable precedents so as to find all provisions of this Settlement Agreement as valid and enforceable.

27.  Waiver of Certain Appeals. Named Plaintiffs agree to waive appeals; except, however, that Named Plaintiffs or Class Counsel may appeal any reduction to the attorneys' fees and litigation costs below the amount they request from the Court, and either Party may appeal any Court order that materially alters the Settlement Agreement's terms.

28.  Binding Agreement. The Parties warrant that they understand and have full authority to enter into this Settlement Agreement, and further intend that this Settlement Agreement will be fully enforceable and binding on all parties, and agree that it will be admissible and subject to disclosure in any proceeding to enforce its terms, notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or state law.

29.  Sole and Entire Agreement.  This Settlement Agreement sets forth the entire agreement between the Parties hereto.  This Settlement Agreement fully supersedes and replaces any and all prior oral or written agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

Executed this 22 day of July 2020 by:

*karen leu*

Burlington Coat Factory Warehouse Corporation, Burlington Coat Factory Investment Holdings, Inc., Burlington Coat Factory Holdings, LLC f/k/a/Burlington Coat Factory Holdings, Inc., Burlington Stores, Inc.,

Print Name:  Karen Leu

Title:  General Counsel

14

Steven Goodman (Jul 24, 2020 13:22 EDT)

Executed this ___ day of July 2020 by: _____

Steven Goodman


Executed this ___ day of July 2020 by: _____

Barbara Kawa


Executed this ___ day of July 2020 by: _____

Theresa Massey


Executed this ___ day of July 2020 by: _____

Danielle Solecki

15

Executed this __ day of July 2020 by:

_____

Steven Goodman

Executed this _07/23/2020_ day of July 2020 by:

*Barbara M. Kawa*
_____

Barbara Kawa

Executed this __ day of July 2020 by:

_____

Theresa Massey

Executed this __ day of July 2020 by:

_____

Danielle Solecki

15

Doc ID: aff16e8055ae71270dd9fcef2c56fe3c51f0727a

Executed this __ day of July 2020 by:     _____
                                          Steven Goodman


Executed this __ day of July 2020 by:     _____
                                          Barbara Kawa

                                          *Theresa Massey*
Executed this 07/23/2020 day of July 2020 by:  _____
                                          Theresa Massey


Executed this __ day of July 2020 by:     _____
                                          Danielle Solecki

15

Doc ID: 7869027b064e61b70abd6e2fd9469e7c7f370d62

Executed this __ day of July 2020 by:

_____
Steven Goodman


Executed this __ day of July 2020 by:

_____
Barbara Kawa


Executed this __ day of July 2020 by:

_____
Theresa Massey


Executed this 07 /27 / 2020 day of July 2020 by:

_____
Danielle Solecki

15

Doc ID: 6d6a74f1a9434b3302b454b810a02d39c8903f7d

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------X

STEVEN GOODMAN, Individually and          :
on Behalf of All Other Persons Similarly   :          Civil Action No.: 1:11-cv-04395-JHR-JS
Situated,                                  :
                                           :
                                           :
            Plaintiff,                     :
                                           :
        -against-                          :
                                           :
                                           :
BURLINGTON COAT FACTORY                    :
WAREHOUSE CORPORATION,                     :
BURLINGTON COAT FACTORY                    :
INVESTMENT HOLDINGS, INC., and             :
BURLINGTON COAT FACTORY                    :
HOLDINGS, INC.,                            :
                                           :
            Defendants.                    :

-----------------------------------------------------X

BARBARA KAWA, THERESA MASSEY  :
and DANIELLE SOLECKI, Individually         :
and on Behalf of All Other Persons         :          Civil Action No.: 1:14-cv-2787-JHR-JS
Similarly Situated,                        :
                                           :
            Plaintiffs,                    :
                                           :
        -against-                          :
                                           :
                                           :
BURLINGTON STORES, INC.,                   :
BURLINGTON COAT FACTORY                    :
WAREHOUSE CORPORATION,                     :
BURLINGTON COAT FACTORY                    :
INVESTMENT HOLDINGS, INC., and             :
BURLINGTON COAT FACTORY                    :
HOLDINGS, LLC f/k/a BURLINGTON             :
COAT FACTORY HOLDINGS, INC.,               :
                                           :
            Defendants.                    :

-----------------------------------------------------X

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

This matter comes before the Court on Plaintiffs' Motion for Final Approval of the

Proposed Settlement of the above captioned actions (the "Motion for Final Approval").  The

parties have duly consented, pursuant to Fed. R. Civ. Pro 73, to this Court's authority to conduct all proceedings concerning approval of the proposed Settlement set forth in the Parties' Settlement Agreement (the "Settlement Agreement"), attached as Exhibit ▇ to the Declaration of Seth R. Lesser ("Lesser Dec.") filed herewith. After review and consideration of the Settlement Agreement, the papers in support of the Motion for Final Approval, including the Lesser Dec. and all of its accompanying exhibits, it is hereby ordered as follows:

1.      The Court has jurisdiction over the subject matter of the above-captioned actions (the "Actions"), all members of the Collective, and members of the Settlement Class [except those who have timely and validly opted-out of the Settlement as identified below], and Defendants pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

2.      All defined terms in the Settlement Agreement shall have the same meaning in this Final Approval Order and Judgment.

3.      In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the Collective and Settlement Class Members have been given proper and adequate notice of the Settlement and the Fairness Hearing, and, as evidenced by the Declaration of ▇ [JND] ("▇ Declaration") such notice was carried out in accordance with the Order Approving Settlement Notice and the Settlement Agreement.  In addition, as evidenced by the ▇ Declaration, notice has been provided to appropriate Federal and State officials as required by the Class Action Fairness Act, 28 U.S.C. § 1715,

4.      The Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Order Approving Settlement Notice (a) were appropriate and reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (b) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law.

5.      The Court approves the proposed Settlement of the Actions.  The Court finds, for the reasons set forth in Plaintiffs' Memorandum In Support of Final Approval insofar as it would resolve the *Kawa* Action, it meets all of the requirements of Fed. R. Civ. Pro. 23(e)(2).

2

6.     The Settlement was negotiated with the assistance of an experienced mediator, at arm's-length, by experienced counsel who were fully informed of the facts and circumstances of the Actions and of the strengths and weaknesses of their respective positions.  The Settlement was reached after the parties had completed extensive discovery and investigation, conducted legal research, and exchanged written discovery, conducted multiple depositions, and reviewed hundreds of thousands of pages worth of documents.  Counsel for both sides were well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law.  The Settlement is therefore fair, reasonable and adequate.

7.     The Court further finds, for the reasons set forth in Plaintiffs' Memorandum In Support of Final Approval, that the proposed Settlement of the FLSA claims asserted by Collective Members in the *Goodman* Action is a settlement of a bona-fide dispute, is a fair and reasonable compromise of the FLSA claims asserted that is in the best interests of the Collective Members and comports with the factors set forth in *Girsh v. Jepsen*, 521 F.2d 153, 157 (3d Cir. 1975).

8.     The Court finds that for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the state law claims asserted in the *Kawa* Action.  All the prerequisites for class certification under Rule 23 are present.  The Settlement Class Members are ascertainable and too numerous to be joined.  For settlement purposes only, questions of law and fact common to all Settlement Class Members predominate over individual issues and should be determined in one proceeding with respect to all of the Settlement Class Members. The *Kawa* Named Plaintiffs' claims are typical of those of the Settlement Class for settlement purposes.  The *Kawa* Named Plaintiffs and Class Counsel meet the adequacy requirements of Fed. R. Civ. P. 23(a)(4). For settlement purposes, the class action mechanism is superior to alternative means for adjudicating and resolving the state law claims asserted in the *Kawa* Action.

3

9.    The Court finally certifies the following Settlement Class for purposes of this Settlement only:

   a.   Individuals who worked for Burlington in California as an Assistant Store Manager at any time between May 1, 2010 through [Date of Order Approving Settlement Notice];
   b.   Individuals who worked for Burlington in Illinois as an Assistant Store Manager at any time between May 1, 2011 through [Date of Order Approving Settlement Notice];
   c.   Individuals who worked for Burlington in New York as an Assistant Store Manager at any time between May 1, 2008 through [Date of Order Approving Settlement Notice];

10.    The Court also appoints the *Kawa* Named Plaintiffs (Barbara Kawa, Theresa Massey, and Danielle Solecki), as Representatives of the Settlement Class ("Class Plaintiffs") as they meet the requirements of Fed. R. Civ. Pro. 23(a)(4) for the purposes of settlement and Klafter Olsen & Lesser LLP, Locks Law Firm LLC, and Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C. as Class Counsel for the Settlement Class as they meet the requirements of Fed. R. Civ. Pro. 23(g) for the purposes of settlement.

11.    Class Counsel, are hereby awarded attorneys' fees in the amount of $_____, which the Court finds to be fair and reasonable, and $_____ in reimbursement of reasonable expenses incurred in prosecuting the Actions.  The attorneys' fees and expenses so awarded shall be paid from the Total Maximum Settlement Amount pursuant to the terms of the Settlement Agreement and these sums are to be paid to Klafter Olsen & Lesser LLP to be distributed to the other Class Counsel.

12.    The Court finds that the Named Plaintiffs have conferred a substantial benefit on the Collective and Settlement Class Members by initiating the *Goodman* or *Kawa* Action and assisting in the prosecution of the claims asserted in the Actions and hereby directs payment as provided under the terms of the parties' Settlement Agreement from the Total Maximum Settlement Amount to Named Plaintiffs Steven Goodman, Barbara Kawa, Theresa Massey, and Danielle Solecki of $10,000 to each, as Incentive Payments.

13.     The Court finds that the Settlement Administrator's fees and expenses are reasonable and approves the payment of $_____ to the Settlement Administrator from the Total Maximum Settlement Amount in accordance with the terms of the Settlement Agreement.

14.     The certification of the Settlement Class is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of Defendants that these claims are appropriate for class treatment pursuant to Federal Rule of Civil Procedure 23, or any other similar class rule.  Nor shall this Final Approval Order and Judgment be construed, used, offered, or admitted into evidence as an admission or concession by Defendants of the validity of any claim or any actual or potential liability or fault.

15.     Final Judgment is entered in the above-captioned cases in accordance with this Final Approval Order and the Settlement Agreement.

16.     Following the Effective Date as provided for in the Settlement Agreement and receipt of the Total Maximum Settlement Amount from Defendants as provided for in the Settlement Agreement, the Settlement Administrator shall effectuate distribution of the settlement funds to the Collective and Settlement Class Members in accordance with the terms of the Settlement Agreement.

17.     Upon the Effective Date provided for in the Settlement Agreement, all Settlement Class Members other than those who have timely and validly excluded themselves from the Settlement (who are identified in Exhibit A hereto) will be deemed to have released the claims included in the Settlement Class Member Release as set forth in Section 3(a) of the Settlement Agreement, and which is incorporated herein.

18.     The *Kawa* Action is hereby dismissed with prejudice.

19.     Upon the Effective Date provided for in the Settlement Agreement, all Collective Members will be deemed to have released the claims included in the Collective Member Release as set forth in Section 3(b) of the Settlement Agreement, and which is incorporated herein.

20.    Upon the Effective Date provided for in the Settlement Agreement, all Named Plaintiffs will be deemed to have released the claims as set forth in Section 3(c) and 3(d) of the Settlement Agreement, and which is incorporated herein.

21.    The *Goodman* Action is hereby dismissed with prejudice.

22.    The Court shall retain exclusive and continuing jurisdiction over the Actions, the Collective Members, the Settlement Class Members (who have not timely and validly opted-out of the Settlement), and Defendants, to interpret and enforce the terms, conditions, and obligations of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: _____                                _____
                                                 Hon. Joel Schneider
                                                 UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------X
STEVEN GOODMAN, Individually and on :
Behalf of All Other Persons Simlarly      :          Civil Action No.: 1:11-cv-04395-JHR-JS
Situated,                                 :
                                          :
                Plaintiff,                :
                                          :
             -against-                    :
                                          :
BURLINGTON COAT FACTORY                   :
WAREHOUSE CORPORATION,                    :
BURLINGTON COAT FACTORY                   :
INVESTMENT HOLDINGS, INC., and            :
BURLINGTON COAT FACTORY                   :
HOLDINGS, INC.,                           :
                                          :
                Defendants.               :
---------------------------------------------------------X
BARBARA KAWA, THERESA MASSEY :
and DANIELLE SOLECKI, Individually        :
and on Behalf of All Other Persons        :          Civil Action No.: 1:14-cv-2787-JHR-JS
Similarly Situated,                       :
                                          :
                Plaintiffs,               :
                                          :
             -against-                    :
                                          :
BURLINGTON STORES, INC.,                  :
BURLINGTON COAT FACTORY                   :
WAREHOUSE CORPORATION,                    :
BURLINGTON COAT FACTORY                   :
INVESTMENT HOLDINGS, INC., and            :
BURLINGTON COAT FACTORY                   :
HOLDINGS, LLC f/k/a BURLINGTON            :
COAT FACTORY HOLDINGS, INC.,              :
                                          :
                Defendants.               :
---------------------------------------------------------X

**[PROPOSED]**

**<u>ORDER APPROVING SETTLEMENT NOTICE</u>**

This matter comes before the Court on Plaintiffs' Motion For Approval of an Order Approving Settlement Notice (the "Motion for Settlement Notice") in the above-captioned actions ("the Actions"). The parties have duly consented, pursuant to Fed. R. Civ. Pro 73, to this Court's authority to conduct all procedings concerning approval of the proposed Settlement set forth in the Parties' Settlement Agreement (the "Settlement Agreement"), attached as Exhibit 1 to the Declaration of Seth R. Lesser ("Lesser Dec.") filed herewith. After review and consideration of the Settlement Agreement, the papers in support of the Motion for Settlement Notice, including the Lesser Dec. and all of its accompanying exhibits, it is hereby ordered as follows:

1.      The Court preliminarily approves the proposed Settlement of the Actions, including all terms and conditions set forth in the Settlement Agreement, and the Total Maximum Settlement Amount and the allocation of payments. The Court finds, for the reasons set forth in Plaintiffs' motion papers, that it will likely be able to approve the proposed Settlement insofar as it would resolve the *Kawa* Action, pursuant to Fed. R. Civ. Pro. 23(e)(2) and the *Goodman* Action pursuant to the factors set forth in *Girsh v. Jepsen*, 521 F.2d 153, 157 (3d Cir. 1975) in that, *inter alia*, it appears to be an arms-length agreement that is a fair, reasonable, and adequate settlement that is in the best interests of the Collective Members and Settlement Class Members. All defined terms in the Settlement Agreement shall have the same meaning in this Order.

2.      The Court also preliminarily certifies a Settlement Class composed of the following persons:

   a.   Individuals who worked for Burlington in California as an Assistant Store Manager at any time between May 1, 2010 through [Date of the approval of the Settlement Notice];
   b.   Individuals who worked for Burlington in Illinois as an Assistant Store Manager at any time between May 1, 2011 through [Date of the approval of the Settlement

2

Notice]; and

    c.   Individuals who worked for Burlington in New York as an Assistant Store Manager at any time between May 1, 2008 through [Date of the approval of the Settlement Notice].

3.     The Court finds that certification of the Settlement Class listed above, solely for purposes of Settlement, is likely in that, for the reasons set forth in Plaintiffs' moving papers: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the *Kawa* Plaintiffs' claims are typical of the claims of the Settlement Class; (d) the *Kawa* Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action settlement is superior to other available methods for the fair and efficient adjudication of the claims asserted in the *Kawa* Action.

4.     The Court hereby preliminarily appoints the *Kawa* Named Plaintiffs (Barbara Kawa, Theresa Massey, and Danielle Solecki), as Representatives of the Settlement Class ("Class Plaintiffs") as it is likely that they meet the requirements of Fed. R. Civ. Pro. 23(a)(4).

5.     In accordance with Rules 23(a)(4) and (g), the Court preliminarily approves Klafter Olsen & Lesser LLP, Locks Law Firm LLC, and Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C. as Class Counsel for the Settlement Class as it is likely that they meet the requirements of Fed. R. Civ. Pro. 23(g).

6.     The Court finds that the plan for providing notice to the Settlement Class set forth in the Settlement Agreement, ¶8 and the form of Settlement Notice attached as Exhibit 3 to the Settlement Agreement is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23(e)(1). That content of the Settlement Notice and plan for distributing it to Settlement Class Members and Collective Members is hereby approved.

7.     The Court appoints JND Class Action Administration, LLC as the Settlement Administrator for this Settlement. The fees and expenses of the Settlement Administrator will be paid from the Total Maximum Settlement Amount as provided for in the Settlement Agreement.

8.     To effectuate the Settlement, the Court hereby establishes the following deadlines
and dates for the acts and events as set forth in the Settlement Agreement, and directs the parties
to incorporate the deadlines and dates in the Settlement Notice as follows:

| DESCRIPTION | DEADLINE |
|---|---|
| Deadline for Defendants to provide to SettlementAdministrator an Excel Spreadsheet of all Settlement Class and Collective Members, including each person's name, last known mailing address, email address if available, telephone number if available, social security number, and number of Weeks Worked as an ASM during the relevant time periods | Within 30 calendar days after entry of this Order. |
| Deadline for Plaintiffs to provide to the Settlement Administrator the last known email addresses of Collective and Settlement Class Members. | Within 5 calendar dates after Defendants provide the Excel Spreadsheet to the Settlement Administrator. |
| Deadline for mailing of Settlement Notice by Settlement Administrator to the Collective and Settlement Class Members. | Within 15 calendar days after receipt of the electronic files of Collective and Settlement Class Members from Plaintiffs and Defendants. |
| Deadline for Collective and Settlement Class Members to submit written objections to the Settlement. | Within 45 calendar days after the date of initial mailing of the Settlement Notice.  Any objection must comply with the requirements set forth in the Settlement Agreement, ¶8(i). |
| Deadline for Settlement Class Members to opt-out of the Settlement | Within 45 calendar days after the date of initial mailing of the Settlement Notice.  Any Opt-Out Request by a Settlement Class Member must comply with the requirements set forth in the Settlement Agreement, ¶8(f). Collective Members may not opt-out of the Settlement. |
| Deadline for Plaintiffs to file Motion(s) for Final Approval and for an award of attorneys' | Ten (10) days prior to the Final Approval and Fairness Hearing |

| DESCRIPTION | DEADLINE |
|---|---|
| fees, costs and Incentive Payments | |
| Final Approval and Fairness Hearing | November ____, 2020 (no earlier than 90 calendar days from the date Notice of Settlement has been provided in accordance with 28 U.S.C. § 1715) |

9.      The Final Approval and Fairness hearing is hereby scheduled to be held on November ___, 2020 at _____ a.m./p.m. at the U.S. District Court for the District of New Jersey, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, New Jersey. This date and time shall be included in the Settlement Notice.  If, however, the date and/or time of Fairness Hearing is changed, notice of the change need only be posted by the Court on the case dockets and by the Settlement Administrator on its case related website.

10.      If the Settlement does not become final for any reason, the fact that Defendants did not oppose the certification of the Settlement Class shall have no bearing on and will not be admissible in connection with the issue of whether a class action is properly certified in a non-settlement context.   The Court's findings are for purposes of preliminarily certifying the Settlement Class and will not have any claim, issue, or evidentiary preclusion or estoppel effect in any other action against Defendants and their related entities (as defined in the Settlement Agreement) or in this litigation if the Settlement is not finally approved.

       **IT IS SO ORDERED.**

Dated: _____, 2020

                                          _____
                                          Hon. Joel Schneider
                                          UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

*Goodman v. Burlington Coat Factory Warehouse Corporation, et al.,*
(*Goodman*), Case No. 11-CV-4395-cv-00644
*Kawa, et al. v. Burlington Stores, Inc., et al.,*
(*Kawa*), Case No. 14-CV-02787

## OFFICIAL COURT-AUTHORIZED NOTICE OF PROPOSED SETTLEMENT

**To:**      **[Name of Collective or Settlement Class Member]**

**Re:**   **Settlement of Lawsuits For Alleged Misclassification of Assistant Store Managers ("ASMs") of Burlington Coat Factory Warehouse Corporation, Burlington Coat Factory Investment Holdings, Inc., Burlington Coat Factory Holdings, LLC f/k/a/Burlington Coat Factory Holdings, Inc., and Burlington Stores, Inc. ("Burlington")**

## INTRODUCTION

On [DATE], the Court authorized this Notice describing a proposed settlement of the two lawsuits listed above (the "Lawsuits") be sent to you. You have received this Notice because you opted into the *Goodman* Action by signing a Consent to Join or because Burlington's records indicate that you are a member of the Settlement Class described below. In either case, you are therefore entitled to a Settlement Payment if the Settlement is approved by the Court. Your estimated Settlement Payment is approximately $_____.

To receive your Settlement Payment, you do not need to do anything. If the Court approves the Settlement, you will be mailed your Settlement Payment directly. If you are a Settlement Class Member, then you can opt-out of the Settlement by following the procedures described in Section 7 below and you will not receive a Settlement Payment. You may not opt out of the Settlement if you previously opted into the *Goodman* Action. You can also object to the Settlement or any part of it (but if you object, and you are a Settlement Class Member, you cannot opt-out) following the procedures described in Section 8 below.

| 1.  What Are the Lawsuits About and Why Was This Notice Sent? |
| --- |

Plaintiffs in *Goodman* and *Kawa* allege that Burlington misclassified Operations Managers, Customer Service Logistics Managers, and Merchandise Managers (collectively "ASMs") as exempt under the federal Fair Labor Standards Act and the laws of California, Illinois, and New York and therefore failed to pay all overtime wages owed, among other related claims.

Burlington has denied and continues to deny the factual and legal allegations in the Lawsuits and believes that it has valid defenses to the claims. By agreeing to settle, Burlington is not admitting liability on any of the factual allegations or claims in the Lawsuits or that the

1

Lawsuits can or should proceeds on a collective or class basis. Burlington has agreed to settle the Lawsuits as part of a compromise with Plaintiffs.

## 2. Who is Included in the Settlement?

The Settlement includes both members of the Collective ("Collective Members") certified by the Court and members of the Settlement Class ("Settlement Class Members").

The Collective Members are:

- All individuals who submitted consents to join in the *Goodman* action and who, as of [**Date of Approving Settlement Notice**] have not withdrawn their consent or had their claims in the *Goodman* action dismissed;

The Settlement Class Members are:

- All individuals who worked as ASMs at Burlington stores in California from May 1, 2010 through [**Date of Approving Settlement Notice**];

- All individuals who worked as ASMs at Burlington stores in Illinois from May 1, 2011 through [**Date of Approving Settlement Notice**];

- All individuals who worked as ASMs at Burlington stores in New York from May 1, 2008 through [**Date of Approving Settlement Notice**];

ASMs can be both a Collective Member and a Settlement Class Member.

## 3. What Are the Terms of the Settlement and How Much Can You Expect to Receive?

If the Settlement is approved, Burlington will pay a total of $19,613,900 (the "Total Maximum Settlement Amount"), which will satisfy and resolve the claims of all Collective and Settlement Class Members, including payments to Collective and Settlement Class Members, any Incentive Payments to the Named Plaintiffs, the Private Attorneys General Act ("PAGA") Payment, the Administrator Payment, and Attorneys' Fees and Litigation Expenses.

Each Collective and participating Settlement Class Member will receive a minimum Settlement Payment of $250. Additional settlement amounts will be distributed based on the proportional number of work weeks worked by each Collective and participating Settlement Class Member as an ASM during the relevant time periods, exclusive of leaves of absence. If you are a Collective or Settlement Class Member who worked in California, you will also receive a share of the PAGA Payment based on the number of weeks you worked as an ASM in California.

The number of completed workweeks, excluding leaves of absence, you earned as an ASM *during the applicable period*, as reflected in the records provided by Burlington is

[NUMBER].  The "applicable period" is *not* all the time you worked as an ASM, but is only the time for which the applicable legal statute of limitations permitted claims to be asserted.  If you are a Settlement Class Member, your applicable period is indicated in Section 2 above.  If you are a Collective Member, your applicable period is up to three years before you joined the *Goodman* Action through **Date of Approving Settlement Notice**.  If you don't know when you joined the *Goodman* Action, you may contact the Settlement Administrator for this information.

If you believe that your number of completed workweeks during the applicable period as an ASM is not accurate, you can indicate your disagreement by notifying the Settlement Administrator, but if you do so, you must provide pay-stubs or other documentation supporting your claim.

IRS Forms W-2 and 1099 will be distributed to Collective and participating Settlement Class Members and the appropriate taxing authorities representing the payments they receive under the Settlement. For the purposes of this Settlement, 50% of each Settlement Payment will be allocated as wages for which IRS Forms W-2 will be issued, and 50% will be allocated as liquidated damages, penalties and interest for which IRS Forms 1099-MISC will be issued. Burlington will be responsible for paying the employer portion of payroll taxes on the amount allocated as wages.

| **4.    Who is Class Counsel and How Will They Be Paid? And Do the Named Plaintiffs receive any additional payments?** |
|---|

Class Counsel are:

| **KLAFTER OLSEN & LESSER LLP** | **LOCKS LAW FIRM LLC** |
|---|---|
| Seth R. Lesser, Esq. | Michael Leh, Esq. |
| Fran L. Rudich, Esq. | Neel Bhuta, Esq. |
| Christopher Timmel, Esq. | 801 North Kings Highway |
| Two International Drive, Suite 350 | Cherry Hill, New Jersey 08034 |
| Rye Brook, New York 10573 | Telephone: (856) 663-8200 |
| Telephone: (914) 934-9200 | Email: _____ |
| Email: _____ | |
| **JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.** | |
| Michael Galpern, Esq. | |
| Zachary Green, Esq. | |
| 1000 Haddonfield Berlin Road | |
| Suite 203 | |
| Vorhees, New Jersey 08043 | |
| Telephone: (865) 596-4100 | |
| Email: _____ | |

These law firms are experienced in handling these types of cases and believe this Settlement is an excellent result for you and the other Collective and Settlement Class Members.

Class Counsel have pursued the case for the past nine years on a contingency basis. They have not been paid fees for their time or reimbursement of any of their out-of-pocket expenses for litigating these cases. At the final approval hearing, or at such other time as the Court may direct, Class Counsel intend to apply to the Court for an award of attorneys' fees not to exceed one third of the Total Maximum Settlement Amount, or $6,537,966.67. Class Counsel will also ask the Court to approve reimbursement of litigation expenses actually incurred in connection with the Lawsuits, currently estimated to be no more than $348,000. The Court-approved fees and costs will be paid by the Settlement Administrator from the Total Maximum Settlement Amount.

Class Counsel will also request Incentive Payments from the Total Maximum Settlement Amount of no more than $10,000 each for the four Named Plaintiffs in the Lawsuits, Steven Goodman, Barbara Kawa, Theresa Massey, and Danielle Solecki, in recognition of their efforts in coming forward to commence the Lawsuits and taking other action benefiting the Lawsuits. As a condition of receiving an Incentive Payment, each Named Plaintiff will agree to an individual general release of claims.

The Attorneys' Fees and Litigation Expenses and Incentive Payments will <u>not</u> be deducted from your estimated Settlement Payment set out above in this Notice.

## 5. What Are Your Options?

You have three options with regards to this Settlement. You can:

  (1)    Participate in the Settlement by doing nothing;
  (2)    Opt-out of the Settlement (unless you are a Collective Member); or
  (3)    Object to the Settlement.

Details about how each option affects your rights are explained below.

## 6. How Can You Participate in the Settlement?

If you do nothing, you will participate in the Settlement and will be directly sent your settlement check should the Court approve the Settlement. Settlement checks will remain valid for 190 days after they are issued.

## 7. How Can You Exclude Yourself ("Opt-Out")?

If you are a Settlement Class Member and you do not want to be part of this Settlement, you must submit a written exclusion by First Class U.S. Mail, postage prepaid, to _____, postmarked by [**45 CALENDAR DAYS AFTER NOTICE MAILING DATE**] ("Opt-Out Request"). Collective Members may not opt-out of the Settlement. If you are both a Settlement Class Member and a Collective Member and you submit an Opt-out Request, then you will not be bound by the Settlement Class Member Release (described below), but you will remain a Collective Member, receive a Settlement Payment, and be bound by the Collective Member

Release (described below).

To be effective, the Opt-Out Request must express your desire to be excluded from the Settlement, and must include your full name, current address, and be signed by you (the Settlement Class Member requesting exclusion).  **If you exclude yourself, you will <u>not</u> receive any monies from the Settlement unless you are also a Collective Member.**

If you fail to include the required information, or if your Opt-Out Request is not timely, your Opt-Out Request will be deemed null, void, and ineffective.  Failure to be excluded will result in you remaining a Settlement Class Member and you will be bound by any final judgment.

| **8.  How Can You Object?** |
|---|

If you want to object to the terms of the Settlement, or any part of it, including the request for Attorneys' Fees and Litigation Expenses, or the request for Incentive Payments, you must submit a written objection by First Class U.S. Mail, postage prepaid, to _____, postmarked by [**45 CALENDAR DAYS AFTER NOTICE MAILING DATE**].

If you object and the Settlement is approved, you will receive a settlement check, you will be barred from bringing your own individual lawsuit asserting claims related to the matters released through this Settlement, and you will be bound by the final judgment and release, and all Orders entered by the Court.  You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees, costs, and expenses.  You must also provide notice to the Settlement Administrator if you intend to appear at the Final Approval Hearing and whether you or your counsel is making an entry of appearance.  Any individual who does not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

| **9.  What if You Do Nothing?** |
|---|

If you do nothing and if the Settlement is approved by the Court, you will receive a settlement check and will be bound by the terms of this Settlement and the orders and judgment entered by the Court.

| **10.  What Happens If the Court Approves the Settlement?** |
|---|

If the Court enters final approval of the Settlement, settlement checks will be mailed to all Collective and participating Settlement Class Members.

The Settlement will be binding on all Collective Members as well as all Settlement Class Members who do not timely and properly request exclusion. This means that all Collective Members, and Settlement Class Members who do not exclude themselves, cannot bring their own lawsuits against Burlington based on the claims described in Section 13. This

includes, but is not limited to, claims for unpaid wages, liquidated damages, penalties, interest, and attorneys' fees, costs and expenses through _____, 2020.

| **11.  What Happens If the Court Does Not Approve the Settlement?** |
|---|

If the Court does not approve the Settlement, the case will proceed as if no settlement has been attempted and there can be no assurance that the Collective or Settlement Class Members will recover more than is provided for in this Settlement, or indeed, anything.

| **12.  When is the Final Settlement Approval Hearing?** |
|---|

A hearing will be held before the Honorable Joel Schneider of the United States District Court for the District of New Jersey on [INSERT DATE] at [INSERT TIME] at [INSERT ADDRESS].  The purpose of the hearing is for the Court to decide whether the Settlement is fair, reasonable, and adequate and should be approved and, if so, to determine the amounts of the Attorneys' Fees and Litigation Expenses and Incentive Payments that should be awarded.  The time and date of this hearing may be changed without further notice, but any change would be reflected on the Court's docket for the case and the Settlement Administrator's website set forth below.

| **13. What Claims Are Being Released?** |
|---|

If you are a Settlement Class Member and you do not timely and validly exclude yourself from the Settlement, you will enter into the following Settlement Class Member Release:

> You, including your heirs, agents, representatives, successors, assigns, and estates, shall be deemed to have fully, finally and forever, irrevocably and unconditionally released, remised, and discharged Burlington and the Released Parties from any and all suits, actions, causes of action, claims, obligations, rights, liabilities, penalties, or demands, whether known or unknown, that were or could have been asserted (whether in tort, contract, or otherwise) for violation of local, state, and federal law arising out of, or relating to claims that Burlington improperly classified the Settlement Class Members as exempt ASMs, including but not limited to the claims alleged in the Kawa complaint though [Date of Settlement Notice Approval].

If you are a Collective Member, you will enter into the following Collective Member Release:

> You, including your heirs, agents, representatives, successors, assigns, and estates, shall be deemed to have fully, finally and forever, irrevocably and

6

unconditionally released, remised, and discharged Burlington and the Released Parties from any and all suits, actions, causes of action, claims, obligations, rights, liabilities, penalties, or demands, whether known or unknown, that were or could have been asserted (whether in tort, contract, or otherwise) for violation of local, state, and federal law arising out of, or relating to claims that Burlington improperly classified the Collective Members as exempt ASMs, including but not limited to claims that Burlington failed to provide all overtime wages due through [Date of Settlement Notice Approval].

"Released Parties" means Burlington Coat Factory Warehouse Corporation, Burlington Coat Factory Investment Holdings, Inc., Burlington Coat Factory Holdings, LLC f/k/a/Burlington Coat Factory Holdings, Inc., Burlington Stores, Inc., Burlington Coat Factory of Texas, Inc., and all of their past, present and future parent(s), divisions, units, branches, subsidiaries, affiliates, related companies, partnerships, joint ventures, predecessors and successors, affiliated organizations, insurers and assigns and all of its and their past, present and future directors, principals, officers, stockholders, owners, members, fiduciaries, trustees, insurers, employees, attorneys, representatives, heirs, assigns, partners, accountants, auditors, consultants, insurers and reinsurers, joint ventures and agents (each in their individual and corporate capacities) collectively.

## 14.  No Retaliation

Participating in this Settlement will in no way affect your employment with Burlington. Burlington is prohibited by law from taking any action against employees who participate in the Settlement, do not participate in the Settlement, or object to the Settlement.

## 15.  Are There More Details Available?

**For additional information regarding this Notice or the Settlement, please contact the Settlement Administrator or Class Counsel.**

The Settlement Administrator can be contact at:

[Contact info for Settlement Administrator] include their website

Alternatively, if the Clerk of the Court is open for in-person visits, you may examine the Court's files at the Clerk's office at the United States District Court for the District of New Jersey, 4th & Cooper Streets, Camden, New Jersey 08101, or access the case files for the Lawsuits available on the United States Court Pacer system, for which additional information can be found here:  https://www.pacer.gov/documents/pacermanual.pdf.

**PLEASE DO NOT CONTACT THE COURT ABOUT THIS NOTICE OR THE SETTLEMENT**