UNITED STATES DISTRICT COURT [DOC. NO. 472]

DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| STEVEN GOODMAN, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>-against-<br><br>BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, BURLINGTON COAT FACTORY INVESTMENT HOLDINGS, INC., and BURLINGTON COAT FACTORY HOLDINGS, INC.,<br><br>Defendants. | Civil Action No.: 1:11-cv-04395-JHR-JS |
| BARBARA KAWA, THERESA MASSEY and DANIELLE SOLECKI, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>BURLINGTON STORES, INC., BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, BURLINGTON COAT FACTORY INVESTMENT HOLDINGS, INC., and BURLINGTON COAT FACTORY HOLDINGS, LLC f/k/a BURLINGTON COAT FACTORY HOLDINGS, INC.,<br><br>Defendants. | Civil Action No.: 1:14-cv-2787-JHR-JS |

**FINAL APPROVAL ORDER AND JUDGMENT**

This matter comes before the Court on "Plaintiffs' Motion for Final Approval of Class and Collective Action Settlement and in Support of Award of Attorneys' Fees and Costs, Incentive

Payments to Named Plaintiffs, and Payment of the Settlement Administrator." ("Motion for Final Approval") [Doc. No. 472]. There is no opposition to the motion. The parties have duly consented [Doc. No. 465], pursuant to Fed. R. Civ. P. 73, to this Court's authority to conduct all proceedings concerning approval of the proposed Settlement set forth in the Parties' Settlement Agreement ("Settlement Agreement") attached as Exhibit A to the Declaration of Seth R. Lesser ("Lesser Dec.") [ Doc. No. 472-2]. The parties seek Court approval of a $19,613,900 settlement of their class and collective actions. The Court held a Final Approval Hearing via ZOOM on December 11, 2020. After the hearing was completed the Court read into the record its Oral Opinion granting plaintiffs' motion. This Order confirms that after review and consideration of the Settlement Agreement, the papers in support of the Motion for Final Approval, including the Lesser Dec. and all of its accompanying exhibits, and the arguments and evidence heard on December 11, 2020, and for all the reasons stated in the Court's Oral opinion, it is hereby ORDERED this **15th** day of **December**, **2020**, that plaintiffs' motion is GRANTED. It is further ORDERED as follows:

1. The Court has jurisdiction over the subject matter of the above-captioned actions (the "Actions"), all members of the Collective, all members of the Settlement Class (there being no opt-outs), and Defendants pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

2. All defined terms in the Settlement Agreement [Doc. No. 472-3] shall have the same meaning in this Final Approval Order and Judgment.

3. In accordance with Fed. R. Civ. P. 23 and the requirements of due process, the Collective and Settlement Class Members have been given proper and adequate notice of the Settlement and the Fairness Hearing, and, as evidenced by the Declaration of Stephen L. Donaldson ("Donaldson Dec.") [Doc. No. 472-5], the notice was carried out in accordance with the August 26, 2020 Order Preliminarily Approving Settlement Notice and the Settlement Agreement [Doc. No. 469]. In addition, as evidenced by the Donaldson Dec., notice has been provided to appropriate Federal and State officials as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

4. The Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Order Approving Settlement Notice (a) were appropriate and reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (b) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law.

5. The Court approves the proposed Settlement of the Actions. The Court finds, for the reasons set forth in its Oral Opinion, that all of the requirements of Fed. R. Civ. P. 23(e)(2) have been met.

6. The Court finds the parties' settlement was negotiated with the assistance of an experienced mediator, at arm's-length, by experienced counsel who were fully informed of the facts and circumstances of the Actions and of the strengths and weaknesses of their respective positions. The Court further finds the Settlement was reached after the parties completed extensive discovery and investigation, conducted legal research, exchanged written discovery, conducted multiple depositions, and reviewed hundreds of thousands of pages of documents. In addition, counsel for both sides were well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law. The Settlement is therefore fair, reasonable and adequate.

7. The Court further finds, for the reasons set forth in its Oral Opinion, that the proposed Settlement of the FLSA claims asserted by Collective Members in the *Goodman* Action is a settlement of a bona-fide dispute, is a fair and reasonable compromise of the FLSA claims asserted, that the Settlement is in the best interests of the Collective Members, and that the settlement comports with the factors set forth in *Girsh v. Jepsen*, 521 F.2d 153, 157 (3d Cir. 1975).

8. The Court finds that for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the state law claims asserted in the *Kawa* Action. All the prerequisites for class certification under Rule 23 are present. The Settlement Class Members are ascertainable and too numerous to be joined. For settlement purposes only, questions of law and fact common to all

Settlement Class Members predominate over individual issues and should be determined in one proceeding with respect to all of the Settlement Class Members. The *Kawa* Named Plaintiffs' claims are typical of those of the Settlement Class for settlement purposes. The *Kawa* Named Plaintiffs and Class Counsel meet the adequacy requirements of Fed. R. Civ. P. 23(a)(4). For settlement purposes, the class action mechanism is superior to alternative means for adjudicating and resolving the state law claims asserted in the *Kawa* Action.

9. The Court finally certifies the following Settlement Class for purposes of this Settlement only:

   a. Individuals who worked for Burlington in California as an Assistant Store Manager at any time between May 1, 2010 through August 24, 2020;
   b. Individuals who worked for Burlington in Illinois as an Assistant Store Manager at any time between May 1, 2011 through August 24, 2020; and
   c. Individuals who worked for Burlington in New York as an Assistant Store Manager at any time between May 1, 2008 through August 24, 2020.

10. The Court also appoints the *Kawa* Named Plaintiffs (Barbara Kawa, Theresa Massey, and Danielle Solecki), as Representatives of the Settlement Class ("Class Plaintiffs") as they meet the requirements of Fed. R. Civ. P. 23(a)(4) for the purposes of settlement and Klafter Olsen & Lesser LLP, Locks Law Firm LLC, and Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C. as Class Counsel for the Settlement Class as they meet the requirements of Fed. R. Civ. P. 23(g) for the purposes of settlement.

11. For the reasons set forth in detail in the Court's Oral Opinion, Class Counsel are hereby awarded attorneys' fees in the amount of $6,537,966.67 which the Court finds to be fair and reasonable, and $348,000 in reimbursement of reasonable expenses incurred in prosecuting the Actions. The attorneys' fees and expenses awarded shall be paid from the Total Maximum Settlement Amount pursuant to the terms of the Settlement Agreement and these sums are to be paid to Klafter Olsen & Lesser LLP to be distributed to the other Class Counsel.

12. The Court finds that the Named Plaintiffs have conferred a substantial benefit on the Collective and Settlement Class Members by initiating the *Goodman* and *Kawa* Actions and assisting in the prosecution of the claims asserted in the Actions. The Court hereby directs

payment as provided under the terms of the parties' Settlement Agreement from the Total Maximum Settlement Amount to Named Plaintiffs Steven Goodman, Barbara Kawa, Theresa Massey, and Danielle Solecki of $10,000 to each, as Incentive Payments.

13.  The Court finds that the Settlement Administrator's fees and expenses are reasonable and approves the payment of $35,000 to the Settlement Administrator from the Total Maximum Settlement Amount in accordance with the terms of the Settlement Agreement.

14.  The certification of the Settlement Class is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of Defendants that these claims are appropriate for class treatment pursuant to Fed. R. Civ. P. 23, or any other similar class rule. Nor shall this Final Approval Order and Judgment be construed, used, offered, or admitted into evidence as an admission or concession by Defendants of the validity of any claim or any actual or potential liability or fault.

15.  Final Judgment is entered in the above-captioned cases in accordance with this Final Approval Order and the Settlement Agreement.

16.  Following the Effective Date as provided for in the Settlement Agreement and receipt of the Total Maximum Settlement Amount from Defendants as provided for in the Settlement Agreement, the Settlement Administrator shall effectuate distribution of the settlement funds to the Collective and Settlement Class Members in accordance with the terms of the Settlement Agreement.

17.  Upon the Effective Date provided for in the Settlement Agreement, all Settlement Class Members will be deemed to have released the claims included in the Settlement Class Member Release as set forth in Section 3(a) of the Settlement Agreement, and which is incorporated herein.

18.  The *Kawa* Action is hereby dismissed with prejudice.

19.  Upon the Effective Date provided for in the Settlement Agreement, all Collective Members will be deemed to have released the claims included in the Collective Member Release as set forth in Section 3(b) of the Settlement Agreement, and which is incorporated herein.

20. Upon the Effective Date provided for in the Settlement Agreement, all Named Plaintiffs will be deemed to have released the claims set forth in Section 3(c) and 3(d) of the Settlement Agreement, and which is incorporated herein.

21. The *Goodman* Action is hereby dismissed with prejudice.

22. The Court shall retain exclusive and continuing jurisdiction over the Actions, the Collective Members, the Settlement Class Members, and Defendants, to interpret and enforce the terms, conditions, and obligations of the Settlement Agreement. To the extent the parties request that any portion of the settlement proceeds be paid out on a <u>cy pres</u> basis, they shall seek Court approval of the amount and payee(s).

**IT IS SO ORDERED.**

Dated: December 15, 2020

_____
Hon. Joel Schneider
UNITED STATES MAGISTRATE JUDGE